44  365
77  282
77  318

THOS. J. WORD v. DAVID DROUTHETT ET AL.

1. DECREE OF PARTITION is *prima facie* evidence of title in favor of each of the parties to that part of a tract of land adjudged him in partition and against parties who have entered under any of the co-tenants.
2. LIMITATION.—See discussion of the ten-years' statute of limitation.
3. SAME—EVIDENCE.—The fact of possession is for the jury, but what character of facts are required or are sufficient is a question of law, requiring an explanation of the statute to enable the jury to determine the nature and character of the occupation or possession insisted on as a defense.
4. TENANCY.—It is error to instruct the jury, in trespass to try title, where the plaintiff replies the tenancy of the defendant to the plea

of limitation, that the relation of landlord and tenant can only be established by a written or parol contract, and that if parol, the duration of such relation terminates in twelve months from its date. The entry upon lands under or by consent of the legal owner or of one of several tenants in common is, as to such entry, a tenancy, and cannot be repudiated by the tenant in a suit by the holder of the title under which such entry was made, unless such tenancy has been terminated by some express disclaimer brought home to the landlord, so as to put in operation the statutes of limitation.

5. LIMITATION—SECOND SUIT IN TRESPASS TO TRY TITLE.—Such suit can be brought as well where the defense interposed in the first suit was the statutes of limitation as in other cases.

6. SAME.—If the defense, in trespass to try title, be such that it can be given in evidence under the plea of not guilty, the nature and effect of the defense cannot be changed by presenting it in a plea in reconvention, nor will a judgment in such case upon such plea, quieting the title of defendant, bar a second suit.

APPEAL from Anderson. Tried below before the Hon. M. H. Bonner.

Thos. J. Word brought his second action of trespass to try title on March 11th, 1873, against David Drouthett, sen., Evan V. Drouthett, and David Drouthett, jr., for 640 acres of the Philip Martin league grant, described by metes and bounds.

The first suit was instituted February 26, 1872, and judgment rendered December, 1872, for the defendants ; and in favor of Evan and David Drouthett, jr., the judgment decreed title in the defendants upon the plea of ten years' limitation.

The defendant, David Drouthett, sr., answered, claiming to have acquired title by the statute of limitations of ten years to 640 acres of said league, including a part of that claimed by the plaintiff ; that he settled on the land in June, 1849, and having perfected his title thereto by ten years' exclusive adverse possession, on March 8, 1861, he had the same surveyed out, and the lines and boundaries marked, (the field notes of which survey were set out in the answer.)

That on April 2, 1861, he had conveyed the east half of

said 640 acres to his son James Drouthett; that the said James and his wife are now both deceased, leaving as sole heir the said David Drouthett, jr.

That on 22d September, 1862, he had conveyed the west half of said land to his son Evan V. Drouthett, the co-defendant in the suit, and the defendant, David Drouthett, sr., disclaimed all interest in the suit in his own behalf, but, acting as special guardian of David Drouthett, jr., he set up said facts, and claimed for the minor the east half of said tract.

The defendant, Evan Drouthett, claimed the west half, adopting the answer of David Drouthett, sr.

The defendants also pleaded not guilty ; and former judgment establishing their title by limitation.

The plaintiff, in reply, alleged that the possession of said David Drouthett, sr., was not adverse, but that he had possession under the former owners of said Martin league as their tenant.

*T. J. Williams,* for appellant, cited the following authorities: Adams on Ejectment, 106 ; Wood *v.* Solman, 4 Wend., 327 ; Jackson *v.* Bryan, 1 Johns., 322 ; 2 Starkie on Ev., 305 ; 2 Phil. on Ev., 174 ; 2 Greenl. on Ev., 305 ; Ray *v.* Young, 13 Tex., 550 ; Moore *v.* Aldrich, 25 Tex. Supp., 276 ; McFarland *v.* Hall, 17 Tex., 690 ; Merle *v.* Andrews, 4 Tex., 207 ; Miller *v.* United States, 11 Wall., 299 ; Withers *v.* Patterson, 27 Tex., 491; Clifton *v.* Lilly, 12 Tex., 130 ; Jackson *v.* Hinman, 10 Johns., 292 ; Williams, Ex'r, *v.* The Mayor of Annapolis, 6 Harr. & Johns., 533 ; Jackson *v.* Stiles, 1 Cowen, 575 ; Jackson *v.* Walker, 7 Cowen, 637 ; Hardy *v.* De Leon, 5 Tex., 243 ; Whitehead *v* Foley, 28 Tex., 268.

*Reagan, Greenwood & Gooch,* for appellees.

MOORE, ASSOCIATE JUSTICE.—By the ruling of the court several of the deeds upon which the appellant, who was the

plaintiff in the District Court, relied to establish his claim of title from the Government to the land in controversy were excluded.   If appellees' objections to these deeds were well taken, appellant has no just ground to complain of the charge of the court or the judgment against him, unless he has shown title under or against parties between whom and appellees there was such privity as relieves him from the necessity of tracing his title back to the Government.   This, appellant insists, he did by introducing in evidence a certified copy of the judgment of the District Court in the case of Sanfley *v.* Dord, and Hotchkiss, Pruit, and himself as intervenors, and proving, as he insists, that appellees' possession of the land was in privity with the title of the parties to this suit.

Unquestionably, where partition is made by law, each of the parties among whom the common estate is divided becomes a warrantor to the others to the extent of his share so long as the privity of estate continues between them. And since neither a warrantor nor those in privity with him can claim against his warranty or set up an adverse title to the portion of any of the other parties to the partition, (Wash. on Real Prop., 589, 590,) if appellant succeeded in showing that appellees were tenants of any of the parties to said decree, it is certainly at least *prima facie* evidence against them of title in appellant to the land partitioned and set apart to him.

Therefore the vital question in the case is, whether appellee, David Drouthett, sr., held possession of the land, as he insists, adversely to the parties among whom said land was partitioned, or, as appellant maintains, in subordination to and recognition of their title or that of some of them.   If his possession was of the former character, as it was uninterrupted for more than ten years, it cannot be denied that appellees have title to the land they claim by limitation, whether appellant has a regular and unbroken chain of title from the Government down to himself or not.   We

have therefore deemed it unnecessary to consume time in passing upon the ruling of the court on the objections to the appellant's deeds.

The statute of limitations declares, in plain, direct, and imperative language, that ten years' peaceable possession and cultivation, use, or enjoyment of land without any evidence of title, shall give to such naked possessor full property, preclusive of all other claims, in and to six hundred and forty acres of land, including his, her, or their improvements. The courts have not the power, if they had the will, to deprive parties of the protection given them by this law. Nor should they attempt to weaken or fritter away its full force and effect by technical rules of construction, limiting or circumscribing the possession of parties claiming it to their actual occupancy. Though one may go into possession without color of title, and with not even a pretense of right, if he continues in the actual, visible, distinct, and exclusive possession of the land for the period mentioned, without interruption by suit for its recovery, his title is complete. It is not necessary for him to show that his possession extends to a definite line or boundary. If it is not shown that he has been in possession of a less quantity, the statute secures to him full property, preclusive of all other claims, in and to six hundred and forty acres.

But while the statute is thus liberal in protecting parties who are in possession without being able to show a paper title of any kind in support of their possession, or in evidence of their right to the land, it is incumbent on them to establish the essential fact required by the law, and upon which the right secured by it depends, viz, that there has been continuous peaceable possession for the full period of ten years. It is to be noted that it is not the peaceable occupation of the land which meets the requirement of the law, but it is the peaceable possession, the exercise of authority and dominion over it. The possession must be

exclusive, or, as it is generally expressed, it must be "actual, continued, visible, notorious, distinct, and hostile. (2 Smith's Lead. Cases, 561 *et seq.*) It must neither be abandoned, yielded up, or held in subordination to, recognition of, or dependent upon the will or right of another. He who would claim by reason of his adverse possession must, as has been said, "keep his flag flying." (19 Penn. St., 265.) His entry upon the land must be with intent to claim it as his own or hold it for himself; or his intention to do so, if conceived after going into possession for some other purpose, must be manifested by some open or visible act or declaration showing such purpose, in order to set the statute in motion in his favor. (Wash. on Real Prop., 125; 2 Smith's Lead. Cases, 561) The possession must be fair and open, because "the statute was not made to serve the purpose of artifice and trick." (Sailer *v.* Hertzogg, 2 Penn. St., 185.)

Whether possession is adverse, and such as will afford the party claiming it the protection given by the statute, is a question of fact for the determination of the jury, in view of all the evidence before them tending to illustrate and explain it. It is a question of fact, but a fact which depends upon the intention. And this is manifested and shown by the declarations coupled with and explanatory of the act. Hence the admissions of a party while in possession of land have always been held evidence to show the extent and character of his possession and the right by which he claims to hold. (Long *v.* Mast, 11 Penn. St., 189; Calhoun *v.* Cook, 9 Ib., 226; Morgan *v.* Larned, 10 Met., 50; Jones *v.* Porter, 3 Penn. St., 132; 3 Wash. on Real Prop., 127, 141, and cases cited.)

That what is here said in regard to tenancy and adverse possession may not be misconstrued, we wish it distinctly understood that reference is made solely to cases where the supposed tenant has entered or held possession under or in recognition of the title of the opposite party, or some one with whose title he is in privity. It is not intended to have

application to a case where the supposed tenant may have entered or held under a third party with whose title the party asserting a right to the land does connect himself. If, therefore, it should appear on another trial that Drouthett's occupancy was altogether under or in recognition of Martin's title, and not in that of the parties under whom appellant derives title, or those with whom they made partition of the land by a decree of court, and appellant does not connect their title or that of some of them with Martin's, it is not to be inferred from anything said in this opinion that appellees are estopped from relying on Drouthett's possession. The rights of the parties in such state of case is left for the occasion calling for their determination.

The fact of possession, and the intent and purpose with which it is taken and held, are questions for the jury. But what character of facts are requisite or sufficient to entitle a party setting it up to the protection of the statute, is a question of law. And a proper explanation of the law is absolutely essential to enable the jury to determine correctly the nature and character of the occupancy or possession.

We are of opinion, however, that there is on this point some inaccuracy or confusion in the charge of the court, which may have mislead the jury. From the instructions the jury were authorized to infer that the relation of landlord and tenant could only be brought about or be created by a contract, either written or parol, and that it was essential to such a contract that there should be the right to possession and profits of the land on the one hand and rents or other income or valuable consideration on the other. Evidently, in many instances, the owner may claim that the occupant holds as his tenant, although there has been neither a written nor parol contract to this effect. If one has assumed the rights of a tenant the owner may so treat him, and though there is no contract between them he will be estopped from denying the tenancy. And it is by no means true that the payment of rent or other consideration is necessary

to impress upon the occupant of land the character of a tenant.

But these are not the most serious defects in the charge. After telling the jury, in effect, that a tenancy could only be created by a written or parol contract, they were then instructed, if the contract of tenancy was not in writing, it "would cease in law to have any binding force or validity as such after one year from the time when the same went into effect." The jury may well have understood from this charge, though they believed that David Drouthett, sr., was a tenant of Sanfley, Hotchkiss & Dord, unless the contract was in writing, the statute of limitations would commence to run in his favor at the end of one year from the beginning of his tenancy. It may be that the court did not intend to be so understood. Indeed, we think it quite improbable that it did ; for in a subsequent part of the charge the jury are instructed that if it was shown that Drouthett held the land as tenant, the law would presume, so far as the question of adverse possession is concerned, that he continued to hold as such until it is shown that he disclaimed doing so, and set up title in himself by some open, visible, notorious, exclusive, and adverse act of possession.

But although the law was thus clearly and accurately stated, we cannot say that it was sufficient, beyond all reasonable doubt, to disabuse the minds of the jury of the false impression which may have been induced by what had been previously told them. They may have supposed that this continuing presumption of tenancy, which the law would presume until a visible and notorious disclaimer was shown, applied when there was proof of tenancy by written contract, while if it was by parol merely it would cease to have any binding force or validity in law after one year from the time it went into effect, as they were first told. At all events, the two charges were contradictory, and we cannot say by which of them the jury were controlled ; and in view

of the facts we deem the error of such a character as to require the reversal of the judgment.

It remains to inquire whether there was error in the ruling of the court sustaining appellant's exceptions to appellee's plea of *res adjudicata.*

The present action is the second suit by appellant to try title to this land. The verdict in the first suit was that the defendants (appellees here) should recover the land in suit on the plea of ten years' statute of limitations. And judgment was rendered in their favor decreeing them the land, and also canceling and annuling the title of appellant.

Appellees maintain, because it was adjudged that the first suit was not brought within the time limited by law, appellant has not the privilege of bringing a second suit within a year from the judgment, as it is not denied he might if the judgment had gone against him on any other ground. The statute giving the right to a second suit in actions of trespass to try title reads as follows: "In all actions of trespass to try title to lands commenced within the time limited by law the plaintiff shall proceed with all convenient expedition to the trial of the same; and in case a verdict and judgment shall pass against him in such action, such verdict and judgment shall not be conclusive and definite against the plaintiff, but at any time within one year said plaintiff or any other person claiming under him shall have the right to commence his action for the recovery of the said land *de novo*, and prosecute the same in the manner and with the expedition before directed," &c.

Now, it is said it has been adjudged that the first suit was not commenced within the time limited by law, and therefore appellant has no right to bring a second suit. But to so hold we must lose sight of the leading object and purpose of the law, disregard the terse and clear language with which its intent is expressed, and give prominence to a subordinate part of a section. The action of trespass to try title was designed as a simple and easy remedy for the

trial of title to land. It was intended to serve the purpose which was practically accomplished at common law by the action of ejectment. It was to be tried on its merits conformably to the principles of trial by ejectment. It is a rule or principle of the action of ejectment that the judgment is not conclusive on the question of title. A party may bring as many suits as he may choose, unless he was enjoined by a court of equity. To modify this principle of the action of ejectment was evidently the purpose in view in making the judgment in the second suit in actions of trespass to try title conclusive.

If it had been intended to make a distinction between judgments on pleas of limitation and those setting up other defenses, it would, we think, have been clearly expressed, and not left in obscurity and doubt,—so much so, that such an interpretation as is now contended for has not been thought of being given the statute heretofore. No reason is seen why the first judgment shall more conclusively establish the fact that the suit was not brought within the time limited by law than any other matter of defense in bar of the action. The construction contended for, assumes the point in controversy in the second suit, viz, that the first suit was not commenced within the time limited by law, has been conclusively determined by the first judgment, though the statute says, in case the verdict and judgment shall pass against the plaintiff, such verdict and judgment shall not be conclusive and definite, but at any time within one year he may bring a second suit.

But, say appellees, the phrase "commenced in the time limited by law" must have some meaning, and if they do not limit the right to bring the second suit, as they insist, they can have none. We suggest that their purpose in the section was to make it more plainly manifest than it would otherwise have been had they been omitted; that the second suit was limited to one year from the judgment in the first one, and was not to be controlled by the general law of lim-

itations, which may have been pending the first suit. And although the first suit might not have been denied on limitation, if it should be shown on the second one that it was not brought within the time limited by law, the first judgment would in that event still be conclusive on the ground upon which it was decreed.

The judgment in the first suit presents another question, of which it may be proper for us to take some notice. It is not in the usual form, where the verdict is in favor of the defendant, that the plaintiff take nothing and the defendant go hence, &c. But the judgment is, that the appellees recover the land claimed by them, and that appellant's title to it be canceled. It may be inferred from the form in which the judgment is rendered that appellees did not recover a judgment merely upon the plea of limitations as a defense to the action, but by reconvention asserted title in themselves by reason of ten years' possession. And by the finding of the jury in their favor on their plea in reconvention, they were not only entitled to a judgment for the land, but also cut the appellant off from the right to maintain another suit.

That there may be cases where the defendant may appropriately reconvene in an action of trespass to try title, or even where it may be absolutely necessary for him to do so for the assertion and vindication of his rights, we do not question. But where he merely asserts rights of which he may avail himself equally well by way of defense to the action, he cannot, merely because he elects to present them in reconvention, give any other effect to the judgment in his favor than it would otherwise have. He cannot by his cunning of pleading defeat the policy of the law and deprive the plaintiff of the privilege secured him by statute of bringing a second suit to try his title.

For the error in the charge of the court the judgment is reversed.

REVERSED AND REMANDED.