J. W. FLANAGAN, ADM'R, v. B. BOGGESS ET AL

1. PRACTICE—ERROR IN IMMATERIAL ISSUE.—An erroneous ruling, in admitting evidence, authorizes a reversal when it may have operated to the prejudice of the party complaining, but not otherwise.
2. ASSIGNMENT OF ERRORS.—An assignment, that "the court erred in its charge," is too general to require attention.
3. CHARGE OF COURT.—A charge assuming a fact not in evidence is properly refused by the court.

4. DESCRIPTION OF LAND IN TAX DEEDS.—*Held*, That "620 acres of the headright of David Brown, situate about twelve miles north of Henderson, in the neighborhood of Bellview," used in a tax deed, is a sufficient description of land to form a basis for five years' limitation.

5. TAX DEED—LIMITATION.—When a tax deed gives what, on its face, appears to be a sufficient description of the land conveyed, and there is no evidence developing any latent uncertainty, the authorities do not decide that such a deed does not satisfy the statute of limitations.

6. PRACTICE—EXCLUSION OF TESTIMONY.—Where the exclusion of testimony is claimed to be erroneous, the party injured should show, by bill of exceptions, what objections were made to the testimony, and why it was excluded.

7. PAYMENT OF TAXES—FIVE YEARS' LIMITATION.—This court is not prepared to hold that, to support the bar of five years' limitation, it was necessary to prove payment of taxes during the time the statute was suspended.

8. LIMITATION—POSSESSION.—See facts held insufficient to show that defendant, setting up title under a tax deed and five years' possession, paying taxes, &c., had adverse possession as against the plaintiff.

9. SAME.—Where the husband of one of several heirs entitled to an estate bought lands of the estate at tax sale, and afterwards the administrator of the estate called on him and offered to repay the money expended in the purchase at the tax sale, and the money was refused, the purchaser saying that "we are all interested," and postponing the settlement: *Held*, That such purchaser's possession under the tax deed would not be adverse, unless it could be shown that he repudiated the trust, and such repudiation was brought to the notice of those interested in the estate.

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

December 5, 1873, J. W. Flanagan, as the administrator of George Pierce, brought an action of trespass to try title against Braziel Boggess, for 640 acres of land, the headright of David Brown.

Giles Boggess, jr., made himself a party defendant as landlord of the original defendant, setting up title by purchase of the land at tax sale, and limitation of five years under the tax deed, duly recorded, &c.

In support of his title, plaintiff read in evidence a copy of a patent to Brown, and the papers in a suit by the heirs of David Brown and Mrs. Brown against one W. L. Park, in which suit Elizabeth Pierce, then administratrix of the estate of George Pierce, was made a party defendant. This suit was brought to cancel a deed from Brown to Pierce, because he was *non compos*, and also to recover Mrs. Brown's community in the land. The suit was brought to the Spring Term, 1856, and at the Spring Term, 1869, judgment was rendered for defendants. These papers, and a deed and bond from David Brown to George Pierce, constituted the plaintiff's title.

Defendant offered papers from the Probate Court in the administration of the estate by Elizabeth Pierce, which were objected to and excluded. The papers showed proceedings in the estate tending to show a sale, to W. C. Pierce, of the land. Administration had been granted to Daniel Pierce, and then to Elizabeth Pierce, the widow.

Defendants also offered a tax deed for "620 acres of the headright of David Brown, situate about twelve miles north of Henderson, in the neighborhood of Bellview." The sale was made under an assessment of 620 acres, assessed for 1854, as the property of George Pierce, and sold, in 1855, to Giles Boggess.

Boggess, over objection, testified that the notices of the tax sale were correct and regular, though he could not recollect their contents. It was also shown that Boggess took possession of the land in 1856, and had held possession, by tenants, ever since, except a year or two during the war, and paid taxes during the corresponding time. The plaintiff also testified that he had leased the land in 1861 and 1862, but never saw the party to whom he leased since, or collected the rent, and did not know that his lessee went upon the land.

It was also shown by plaintiff, that Giles Boggess' wife was an heir of George Pierce, and that shortly after the tax sale, David Pierce, then administrator of the estate of George Pierce, offered to redeem the land from Boggess, who then

said, "it made no odds about the taxes; to let it alone until the lawsuit then pending (the suit by the heirs of Brown) was decided; that all of them were interested, and after the suit was decided they could fix it up."

The tax deed was objected to, because the prerequisites to sale had not been shown. It was also in evidence that David Brown, at the date of his deed to George Pierce, did not have capacity to make a contract.

The plaintiff asked the court to charge the jury, that if suit was brought by Brown's heirs against Parks, the tenant of of Boggess, and that said tenant and Elizabeth Pierce, former administratrix of George Pierce, (plaintiff's intestate,) defended said suit, claiming said property as the property of her intestate, the possession of said tenant (Parks) was not adverse to plaintiff during the pendency of said suit.

The jury found for the defendants. Motion for new trial was overruled, and Flanagan appealed.

The errors assigned are discussed in the opinion, except the third error, which was as follows: "The court erred in its charge to the jury."

*R. M. Winn & N. G. Bagley,* for appellant, cited Blackwell on Tax Titles, 64, 342, 450; Kelly *v.* Medlin, 26 Tex., 53; Yenda *v.* Wheeler, 9 Tex., 408; Pitts *v.* Booth, 15 Tex., 453; Neill *v.* Cody, 26 Tex., 286; Robson *v.* Osborn, 13 Tex., 305; Wofford *v.* McKinna, 23 Tex., 44.

*James H. Jones,* for appellee, cited Elliott *v.* Mitchell, 28 Tex., 107; Howard *v.* Colquhoun, 28 Tex., 134; Garner *v.* Cutler, 28 Tex., 175; Wofford *v.* McKinna, 23 Tex., 43; Yenda *v.* Wheeler, 9 Tex., 408.

GOULD, ASSOCIATE JUSTICE.—Under the charge of the court, it is evident that the jury found for the defendant on the plea of five years' limitation, and not upon the ground that the deed from the assessor and collector conveyed a valid title.

It is not, therefore, necessary to inquire whether the court erred in allowing Giles Boggess to testify as to the regularity of the advertisements of the tax sale, for if this was an error, it is apparent that it could have had no influence on the result of the trial. An erroneous ruling in admitting evidence authorizes a reversal, where it may have operated to the prejudice of the appellant; but not otherwise. (Willis v. Chambers, 8 Tex., 151.)

The assignment, that the court erred in its charge, is too general to require attention. We cannot say that the court erred in refusing the charge asked by appellant. The charge assumes that there was evidence that Parks was the tenant of Boggess, and it may have been rejected by the court, on the ground that there was no evidence of such tenancy. The record shows that a suit was brought against Parks, in 1856, as in possession of the land, and that in his defense he claimed to be in possession as the lessee of William C. Pierce, who held under a purchase from the administrator of the estate of George Pierce, deceased. It further appears that the administratrix of George Pierce's estate appeared and defended this suit in connection with Parks. It nowhere appears that appellee claimed that Parks was his tenant. It is true that he testifies that he held possession of the land in 1856, when that suit was brought against Parks; but there is nothing whatever to show that his possession was not by himself, or some other person than Parks. So far as the statement of facts shows, the defendant's claim of five years' limitation was wholly independent of, and disconnected with, Parks's possession, if, indeed, (for there is no other evidence on the subject,) the fact that Parks was sued, is sufficient to show that he was in possession at all.

The sixth assignment claims that the tax deed under which defendant claimed, did not describe the land with sufficient certainty. Although it does not appear that this objection to the deed was taken on the trial, it might be claimed that if there was such uncertainty of description on the face of the

deed as to make it void, that the objection goes to the foundation of the defense, because the deed is not such as is contemplated by the statute. (Wofford *v.* McKinna, 23 Tex., 36.) Treating the question as properly before us, we are of opinion that the land is described with sufficient certainty to satisfy the statute. The description given is, "six hundred and twenty acres of the headright of David Brown, situate about twelve miles north of Henderson, in the neighborhood of Bellview."

The object of the statute, in making registry of the deed necessary to enable the possessor to avail himself of the five years' limitation, is to give notice to the owner that the defendant in possession is claiming under the deed; and if there is such falsity or uncertainty of description as that it will not answer the purpose intended, it cannot be considered a deed duly registered under the statute. (Kilpatrick *v.* Sisneros, 23 Tex., 136.) It is to be observed of this reason, that it applies with no greater force to tax deeds than to any other. But if the distinction taken in Wofford *v.* McKinna, and Kilpatrick *v.* Sisneros, between tax deeds and other deeds, be admitted, those cases go no further than to hold such deeds not to be deeds duly registered under the statute, where there is on their face such uncertainty of description or such contradictory description that they do not serve to designate the land conveyed. Where a tax deed gives what on its face appears to be a sufficient description of the land conveyed, and there is no evidence developing any latent uncertainty, these cases do not decide that such a deed does not satisfy the statute.

The deed in the case before us does not purport to convey an undefined part of a larger tract of land, as in the case of Wofford *v.* McKinna. The "620 acres of the headright of David Brown" may be all of the D. Brown headright located in that survey, the balance being elsewhere. Or if we look to evidence where we find a patent calling for six hundred and forty acres, we also find that the land was given in as

six hundred and twenty acres, and it may be that the latter is the real number of acres. In either case the description is not of an uncertain part of a tract of land, but of an entire tract. The name of the headright and the locality, with the number of acres of the survey, fixes the land as definitely as seems to be necessary to satisfy the statute until there is evidence showing the contrary.

It is also assigned as error that the court erred in excluding the records of the County Court. The brief reference to this ruling, which is embodied in the statement of facts, does not state what objection was made to the testimony, nor for what reason it was excluded. We are not furnished with sufficient data to enable us to say that there was error in excluding this record. It is for the party claiming that there was error, to show it by a bill of exceptions presenting the question passed upon.

Another assignment of error is, that the court erred in refusing a new trial. Under this assignment it is urged that the defendant failed to prove payment of taxes as required under the statute. He testified that "he had paid the taxes on the land every year after his purchase, except, perhaps, one or two years during the war." During the war, the statute was suspended, and we are not prepared to hold that it was necessary to prove payment of taxes for any other period than that during which the statute was running.

A more serious objection to the verdict arises out of the testimony of D. Pierce, to the effect that during the pendency of the suit between David Brown and the Pierce estate, (meaning the suit against Parks, to which the estate by the administratrix became a party,) he, being then the administrator of the estate, applied to defendant Boggess, whose wife it elsewhere appears, was one of the heirs entitled to the estate, for the purpose of repaying him the amount he had paid out in buying in the land at tax sale, and that Boggess said, "that it did not make any odds about taxes; to let that alone until the law suit then pending was decided, then it

could be settled; that we were all interested, and after the
law suit was decided we could fix up." ·This evidence is
uncontradicted by defendant, although he was himself a wit-
ness in the case.    He says that he went into possession of the
land March 16, 1856, and held possession continuously under
his deed until he went to the army in 1861.    Now, the suit
so often alluded to was not commenced until April —, 1856;
and as Boggess fixes the commencement of his possession at
a period anterior to this date, and necessarily anterior to the
proffer made by Pierce to settle the taxes, it seems that his
possession was not, in its commencement, adverse to the es-
tate.    Neither he nor any other witness testifies that his pos-
session was adverse to the estate, nor do they testify to any
fact which would show that at any time before the termina-
tion of that suit in 1869 he ceased to act in holding the land
in the interest of the estate or of the heirs of George Pierce.
If the testimony of D. Pierce be regarded as establishing that
Giles Boggess did not originally enter possession under such
circumstances as to make his possession adverse to the title
of the plaintiff, but that his possession originally was in sub-
ordination to that title, and such to our minds is the effect
of the testimony, there is nothing whatever in the testimony
to show that he subsequently repudiated holding for the ben-
efit of the estate, so as to give notice that he was claiming
the land for himself.    Under this view of the evidence, there
was a failure on the part of defendant to show that his pos-
session was adverse, and for this reason the court should
have granted a new trial.    We have arrived at this conclusion
with some hesitation; but as the case has already been held
up one term, and it is our duty to decide it, we announce as
our decision that the verdict of the jury was contrary to, and
unsupported by the evidence, and that for this reason the
judgment is reversed and the cause remanded.

                        REVERSED AND REMANDED.