BROOKS, KNOX & CO. v. JOSEPH T. PRICE.

(February 13, 1880.)

PRACTICE.— Assignments of error; damages; attorney's fees.

APPEAL from Gonzales county.   Opinion by WALKER, J.

STATEMENT.— April 10, 1874, Brooks, Knox & Co. brought suit against J. T. Price for $1,430, alleged to be a balance due them on the settlement of a partnership adventure in a drove of cattle driven by them, in 1871, from Texas to Kansas, which resulted in a loss.

The defendant pleaded a settlement and adjustment of the accounts between them, and set up an obligation of date November 26, 1872, executed by plaintiffs, in which it was recited that such settlement had been made, and that Price had been paid in full, obliging themselves to take up a note to one Beall against the partnership, guarantying Price against the claim, and that, in violation of their agreement, the plaintiffs had permitted suit and judgment on said claim, and had caused execution to be levied on one thousand nine hundred and twenty acres of defendant's land; that plaintiffs had, through an agent, bought in the property. Prayer in reconvention for cancellation of sheriff's deed, damages, etc.

The plaintiffs, in reply, pleaded that the settlement made December 26, 1872, was erroneous in many particulars, and had been made in mutual mistake as to the true condition of the partnership losses, asked that the account be opened, etc. An auditor was appointed, who reported a sum from $606 to $914 as due from Price on the partnership matter; the larger sum arising from a computation of traveling expenses, insisted on by plaintiffs but resisted by defendant. There was a general verdict for defendant for $250 damages for attorney's fees. Judgment was rendered for Price, annulling the sheriff's deed and for the damages found and costs.

Plaintiffs filed a motion for new trial for the following reasons: 1. The court erred in instructing the jury to allow the defendant damages by way of attorney fees. 2. The verdict is contrary to the law and the evidence. 3. That the court erred in the admission of evidence as shown by plaintiffs' bill of exceptions.

This motion was overruled and plaintiffs appealed.

The errors assigned are: 1. The court erred in the instructions to the jury. 2. The court erred in admitting evidence of, and instructing the jury to find, attorney's fees for defendant, as shown by plaintiffs' bill of exceptions. 3. The verdict of the jury was contrary to the evidence

and the charge of the court. 4. The judgment was contrary to law and the evidence in the case. 5. The court erred in overruling plaintiffs' motion for a new trial for reasons therein stated.

OPINION.— The motion for new trial and assignment of errors are set out in full as showing a reason, on our part, for not attempting to digest and give the result of such investigations as to the state of accounts between the parties.

The only specific error in the assignment, designated in the motion for new trial, is the admission of evidence as to amount of attorney's fees for defending the suit and rendering judgment therefor. Since the trial of this case below this subject has been discussed in several cases and the rule more clearly and strictly defined than in the earlier cases.

In Landa v. Obert, 45 Tex., 545, Moore, J., it is said: "There is unquestionably some conflict in the decisions, and we readily admit that some of the earlier decisions of this court, that tend, in some degree, to maintain the proposition when fraud or malice are of the gist of plaintiff's action, he may recover his counsel fees in prosecuting the suit, as part of his damages. But while we do not mean to intimate that there are no cases in which the plaintiff may be entitled to his recovery, he is only entitled to do so, as we think, where they are a part of the damages resulting as the natural and proximate consequence of the act complained of."

In Salado College v. Davis, 47 Tex., 131 (Gould, J.), the rule is given: "In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust vexation."

Tested by these decisions the allowance of attorney's fees in the case was error.

The errors assigned as to the charge of the court are too

indefinite. The instructions cover eight pages of the transcript and consist of a clear statement of the main issues submitted, together with a careful explanation of the law applicable to the pleadings and the evidence. Counsel for appellants, in their brief, criticise a paragraph which, if isolated or not corrected by other instructions (as it is), would be likely to injure the plaintiffs. No charge was asked calling the attention of the court to it. The only instruction asked, and which was given, was as to the terms of the settlement made December 26, 1772. This charge, as given, was fully as favorable as could have been expected on the main issue.

The charge, as a whole, fairly submitted plaintiffs' case to the jury.

For want of specific assignment we do not give the subject further discussion. Howard v. Colquhoun, 28 Tex., 143; Trammell v. McDade, 29 Tex., 362; Flanagan v. Boggess, 46 Tex., 334; Tompkins v. Toland, 46 Tex., 588.

The testimony is voluminous and directed to a great number of details. The auditor's report was excepted to by both parties, and apparently most of its items made the subject of litigation anew. We do not give our opinion upon the testimony as to the state of the account between the parties. The testimony did show that the accounts were kept by the plaintiffs; that Price settled on their figures; that the accounts were in a confused condition. It does not appear but that plaintiffs could have known the condition of their accounts at the settlement as well as subsequently. 1 Story, Eq. Jur., § 140.

There was testimony supporting the verdict; though it may not be conclusive to us, yet it should not be disturbed unless clearly wrong.

The defendant having remitted the damages found, the case will be reversed and the judgment reformed. Judgment for the defendant as below, save for the $250 damages; appellants to recover costs of the appeal.