MRS. E. J. CARTER v. THE TOWN OF LA GRANGE.

(Case No. 1660.)

1. DECLARATIONS — EVIDENCE.— In a suit between the surviving wife and another, she claiming by limitation land held by the deceased husband, the husband's declarations as to the character of his possession are admissible in evidence.

2. LIMITATION.— Occupancy of a street or alley of a town or city, by fencing the same up, is not adverse when such occupancy is by the permission of the town or city authorities. Such permission creates between the town or city and the possessor the relation of landlord and tenant. Such a holding cannot afterwards become adverse so as to sustain a plea of limitation, until the possessor does some open, hostile act, clearly indicating his adverse claim; and this rule applies to the heir who continues the occupancy which was received from the ancestor.

APPEAL from Fayette. Tried below before the Hon. L. W. Moore.

The opinion states the case.

*Phelps & Haidusek,* for appellant, cited:  Scoby *v.* Sweatt, 28 Tex., 730; Page *v.* Arnim, 29 Tex., 72; Rev. Code, art. 3194; City of Galveston *v.* Menard, 23 Tex., 350, and City of Wheeling *v.* Campbell *et al.,* 12 W. Va., 36.

*Timmons & Brown,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the town of La Grange against Mrs. E. J. Carter, to establish the right of the town to, and to have obstructions removed from, a street in the town which Mrs. Carter had inclosed, and to which she made claim.

The appellant pleaded " not guilty " and the statute of limitation of ten years.

The cause was tried without a jury, and a judgment rendered for the appellee.

It appears that as early as 1859 the street in controversy was fenced across, and perhaps inclosed, so far as it ran between certain lots which belonged to the husband of the appellee, either in his separate right or in community between himself and his wife, the appellant.  It was thus inclosed by the husband of the appellant, who kept it in that condition until his death in 1867, since which time the appellant had kept up the inclosure and used and cultivated the street continuously.

Mrs. Carter stated, as a witness, that she had claimed the street in her own right, and that she had never recognized the right of any one to open it or take possession of it since her husband's death. She further stated that the possession she held was the possession received by her as survivor in estate of her husband.

During the trial two witnesses stated that in the spring of 1867 the authorities of the town of La Grange thought of taking steps to have such streets of the town as were fenced up opened, or to have from such persons as had fenced streets a recognition of the right of the town in the streets, and to have them opened, and that while this matter was talked of the husband of the appellant told them that he fenced the street in controversy by permission of the town council, and that he agreed to open it whenever the council demanded or desired it to be done. This evidence was objected to, the objection overruled, and this is assigned as error.

We are of the opinion that there was no error in the ruling of

the court in this respect; for the declaration of the husband gave character to his holding, and evidenced the fact that his possession was not of such adverse character as to put in motion the statute of limitation. Flanagan v. Boggess, 46 Tex., 337; Word v. Drouthett, 44 Tex., 365; Bradshaw v. Mayfield, 18 Tex., 21; Downer v. Ford, 16 Cal., 346; Wood on Landlord and Tenant, 5, 372; Wood on Limitation, 538, 556.

This action was not brought until May 9, 1882, and it is claimed that the court erred in not sustaining the appellant's plea of ten years' limitation.

The record does not make it clear whether the appellant's ownership of the lots on each side of the street (which is admitted) comes through inheritance as the sole heir of the separate property of her husband, or whether she takes as the survivor of the community; the latter, however, is rendered probable by the testimony of the appellant, who says, "The possession held by me was the possession received by me as the survivor in estate of my husband." Such is the presumption. It is perhaps not material in which of these ways she held.

If the husband held by permission of the town council his holding was not adverse, and the relation between him and the town was practically that of landlord and tenant. 44 Tex., 365; 46 Tex., 337; Wood on Landlord and Tenant, 5, 372; Wood on Limitation, 538, 556.

This being true, his holding could not have become adverse to the town without some open, hostile act indicating clearly an intention to claim adversely to the town. 44 Tex., 365; 46 Tex., 337; Wood on Limitation, 538, 539; Bigelow on Estoppel, 407.

No such act is shown, and therefore the court was authorized to hold that the holding of the husband was not adverse to the town.

The appellant took the possession which her husband held "as the survivor in the estate of her husband," i. e., the husband held permissively, was practically a tenant at will, and as he held so the appellant took; and it would be as much incumbent upon her, thus obtaining the possession by operation of law, to give some notice by acts or words of no uncertain character, of her intention to hold adversely to the town, before her holding could become adverse, as it would have been upon her husband, had he lived and remained in possession. 18 Tex., 21; Bufferlow v. Newsom, 1 Devereux (Law), 209; Love v. Dennis, Harper, 48; Williams v. Bennett, 4 Ired. (Law), 123; Grandy v. Bailey, 13 Ired. (Law), 221; Adams v. Groice, 30 Miss., 397; Luce v. Carley, 24 Wend., 450; Morgan v. Larned, 10

Metc., 53; Rising *v.* Stannard, 17 Mass., 287; Toney *v.* Wilson, 51 Ala., 498.

It is true that a tenancy at will terminates upon the death of either the landlord or tenant, and in cases which might arise there would be much difficulty in holding that a wife, who remained in possession of property after the death of her husband, which he held strictly as a tenant at will, was such privy in estate as to prevent her assertion of adverse right after his death as any other stranger might.

Under the facts of this case, however, no such difficulty arises; for the clear admission is made by the appellant that such possession as she has she received through her husband; that she received it as the survivor of her husband's estate.

If she received the possession by and through her right as heir of her husband to his separate property, or through her right as sole survivor of the community, then she must hold just as her husband would have been compelled to hold, and, such holding of the husband being by the permission of the town, so must be hers, unless some act were shown by which the appellant, since the death of her husband, or by which her husband before his death, openly repudiated the right of the town and claimed adversely thereto.

Under such admissions it perhaps would not be necessary to inquire how the appellant took and held, but the inference from the admission of the appellant, and from the title shown, is very strong, that the lots contiguous to the street in controversy were community property, and that she claims the title to the street in the same right, by virtue of the occupancy during the life-time of her husband, as well as by her occupancy since that time. If this be true, it follows that a permissive possession taken during the life of the husband would fix the character of landlord and tenant not only upon the town and upon the husband, but also upon the town and the appellant; for the husband was but the representative of the community, and no member of it could acquire any right in the land by possession, the entry having been permissive, unless it were shown by some act which clearly evidenced his intention while alive, or the intention of the appellant since his death, to hold adversely to the town.

There is nothing in the record which evidences that any act was ever done or word spoken by the appellant or her husband which would give notice to the town of an intention to hold adversely. Having entered by permission of the town, such must appear before the holding could be adverse.

No such adverse possession being shown, it is unnecessary to consider what character of possession will put in motion the statute of limitations against a municipal corporation when a street is the subject of controversy.

There being no error apparent the judgment is affirmed.

AFFIRMED.

[Opinion delivered January 25, 1884.]