## J. W. LINK v. RICHARD BLAND.

Decided June 23, 1906.

**1.—Limitation—Ten Years—Naked Possessor.**

One who takes and holds possession of land without any right or title thereto, and with the intention and for the purpose of acquiring title by limitation, is within the protection of the ten years' statute of limitation.

**2.—Verdict—Sufficient.**

In trespass to try title the following verdict was rendered: "We the jury find a verdict for defendant, Richard Bland, allowing him to retain the 160

acres of land with all improvements thereon." Held, in view of the pleadings and charge of the court, sufficient to authorize a judgment for the 160 acres claimed by defendant and described in his answer.

Appeal from the District Court of Orange County. Tried below before Hon. W. P. Nicks.

*Holland & Holland,* for appellant.—The verdict and judgment are contrary to the law and evidence in that the undisputed evidence showed that defendant's possession of the premises in controversy was not commenced or continued under a claim of right, as required by law, and the court erred in overruling plaintiff's motions for new trial on said ground. Sayles' Civil Statutes, 1897, art. 3349; Bracken v. Jones, 63 Texas, 186; Burton v. Carroll, 72 S. W. Rep., 582; Chance v. Branch, 58 Texas, 492; Mhoon v. Cain, 77 Texas, 318; Satterwhite v. Rosser, 61 Texas, 170; 1 Am. & Eng. Ency. of Law, 790; Texas W. Ry. Co. v. Wilson, 83 Texas, 155; Hays v. Texas & Pac. Ry., 62 Texas, 397; Whitaker et al. v. Thayer et al., 86 S. W. Rep., 364; Lochausen v. Laughter, 4 Texas Civ. App., 293; Wells Admx. v. Fairbank, 5 Texas, 582.

*Hart & Sholars,* for appellee.—Peaceable and adverse possession of a tract of land, by actual possession, using, cultivating or enjoying the same for a period of ten years gives the party so using, cultivating or enjoying the same, title to 160 acres of land by prescription as against the owner of the land. Sayles' Annotated Stats., art. 3343; Magerstadt v. Lampert et al., 87 S. W. Rep., 1068; Travis v. Hall et al., 83 S. W. Rep., 425; East Texas Land and Improvement Co. v. Shelby et al., 41 S. W. Rep., 542; Cartwright v. Pipes et al., 29 S. W. Rep., 690; Parker v. Covey et al., 28 S. W. Rep., 64; Murphy v. Reynaud, 21 S. W. Rep., 991; Robinson v. Bazoon et al., 15 S. W. Rep., 585; Mims v. Rafel, 11 S. W. Rep., 277; Craig v. Cartwright, 65 Texas, 422; Andrews v. Parker, 48 Texas, 97; Ward v. Drouthett, 44 Texas, 369; Horton v. Crawford, 10 Texas, 389; McDonald v. McGuire, 8 Texas, 371.

The verdict of the jury must be responsive to the material issues, and sufficiently certain in its response to the facts, to show the intention of the jury and may be aided by reference to the pleading, and if it is sufficiently certain to be made certain by reference to the record of the case, it is good. Merrielles v. State Bank, 24 S. W. Rep., 564; Martin-Brown Co. v. Perrill, 13 S. W. Rep., 978 (last of case); Harkey v. Cain, 6 S. W. Rep., 637; Munn v. Martin, 4 Texas App. Civ. Cases, sec. 61; Holden v. Meyer & Buette, 1 Texas App. Civ. Cases, sec. 832; Griffin v. Chadwick, 44 Texas, 407; Newsomb v. Walton, 41 Texas, 318 and cases therein cited; Ellis v. Ponton, 32 Texas, 439; O'Brian v. Hilburn, 22 Texas, 625.

The judgment of the court should conform to the pleadings, the nature of the case proved and the verdict, and should be so framed as to give the party all the relief to which he may be entitled, either in law or equity. Sayles' Annotated Stats., art. 1335; Crawford et al. v. Stevens, 31 S. W. Rep., 79; Weaver v. Vandervanter, 19 S. W. Rep., 889; Cooper v. Conerty et al., 18 S. W. Rep., 334 and authorities therein cited; Hardy v. DeLeon, 5 Texas, 246.

REESE, ASSOCIATE JUSTICE.—This is a suit by J. W. Link against Richard Bland in trespass to try title for 640 acres of land described as survey No. 19, T. & N. O. Ry. Co., in Orange County.

Defendant, among other defenses, pleaded the statute of limitation of ten years as to 160 acres of the land sued for, including his residence and improvements, which 160 acres are specifically described in his answer, and disclaimer as to the remainder of the survey.

There was a verdict for defendant as to the 160 acres, and judgment for him therefor, and for plaintiff for the remainder upon defendant's disclaimer. From the judgment plaintiff appeals.

By his first assignment of error appellant assails the verdict and judgment on the ground that the undisputed evidence showed that defendant's possession was not commenced or continued under a claim by right, as required by the statute.

From the evidence in the record as to appellee's possession we deduce the following facts:

The suit was begun September 8, 1904. In February, 1894, appellee, who was a married man, moved upon the section of land in controversy with his wife. He built a dwelling house with other usual improvements of a home, on the southeast quarter of the section, before moving on it, cleared land, put about four acres in cultivation the first year, which was afterwards increased to ten acres in cultivation and fifteen acres in pasture. He has continuously lived with his family on the land since first moving there in February, 1894, and has always claimed the land adversely to the owner, and all other persons. When he first began to clear the land for his home, he thought the land was on section 22; a school section; but found out before his house was built and before he took up his residence that it was on section 19, and that the section belonged to the T. & N. O. Ry. Company.

Appellee's intention was to hold the land in hostility to the owner and every one else, but he testified that he had no title to the land, that he had never bought it, nor inherited it, nor had anybody ever given it to him. Knowing he had no title he took possession claiming, and intending to claim, the land by virtue of his possession and continued to occupy it as his home under such claim based upon his possession alone, from and after February, 1894. His possession was during all this time open and notorious and was exclusive and hostile to the owner and all others. Appellee testified that he knew that the land was not his and that he did not claim to own it when he first went on it, that he never asserted a better title than the T. & N. O. Ry. Company, but his testimony shows clearly that what he meant by these expressions was that he had no title to the land, and never claimed to have any except what his naked possession gave him, and never asserted any hostile claim except such as could be predicated upon his possession. The undisputed evidence shows clearly that appellee's possession was an actual and visible appropriation of the land, adverse to all the world and that he at all times claimed whatever right such possession gave him, without at any time claiming to be the owner of the land in the sense of having title or right except such as inhered in, and was attached to, such possession.

Appellant's contention as to the law upon this state of facts can best be stated by the following quotations from his brief:

"The language of the statute applying to the contention of appellant in this case is plain. 'Adverse possession is an actual and visible appropriation of the land, commenced and continued under a claim of right, inconsistent with, and hostile to the claim of another.' Under this statute a man to start the statute of limitations running must be an honest claimant of the land he is in possession of. The statute was made to protect persons honestly claiming their property and in the possession thereof. The statute was not made, nor intended to deprive the owner of land, of his title thereto, at the claim of a possessor thereof in bad faith, who was occupying the land without a claim of right, in other words knowingly; without title and without the right of possession. There is no law in Texas that protects a naked squatter on the lands of another. His term of occupancy as a naked squatter, and knowing that he had no right to enter or hold the land, and not claiming to have any such right, would never ripen into title, and possession of this kind was never intended to ripen into title or deprive the owner of any rights of property."

Appellant lays much stress upon the provisions of article 3349, Revised Statutes, defining adverse possession to be "actual and visible appropriation of the land commenced and continued under a claim of right, inconsistent with, and hostile to the claim of another," and it is strenuously insisted that the undisputed evidence shows that appellee did not enter into possession under such "claim of right" as is here intended.

It can not be denied that he claimed whatever right his possession entitled him to, but it is insisted that the entry and possession must be upon at least a claim, of ownership and right of possession, independently of the possession itself. We think this is a fair statement of appellant's contention.

The law has clearly been settled otherwise by an unbroken line of decisions in this State. It was held by the Supreme Court in Charle v. Saffold (13 Texas, 112), "It thus appears that naked possession will secure title for six hundred and forty acres without enclosure, or one thousand or two thousand with enclosure; and the circumstances under which the possession is taken are altogether immaterial to the right, provided the occupant claims for himself and adversely to others. No matter how tortious or wrongful may be the seizure, if possession be continued for the time limited by statute, it will give title preclusive of all claims; . . . no question is made or is open relative to the *bona fides* or *mala fides* of the possession." This doctrine had been followed in numerous cases of which we need only cite the following: Craig v. Cartwright, 65 Texas, 421; Ward v. Drouthett, 44 Texas, 369; Bruce v. Washington, 80 Texas, 372; Cox v. Sherman Hotel Co., 47 S. W. Rep., 809.

It is true that the statute defining adverse possession was not passed until the adoption of the Revised Code of 1879 (article 3198, Revised Statutes, 1879) and that of the cases cited, Charle v. Saffold and Ward v. Drouthett, were decided prior to that date, but the statute referred to only incorporates, as a part of the law, the very construction placed upon the former law as to what was necessary to constitute adverse posses-

sion, as laid down in Portis v. Hill, 3 Texas, 279; Craig v. Cartwright, *supra.*

There is no intimation in the evidence that appellee held in subordination to the title of appellant or anyone else. He says that he intended to hold the land until he was put off, by which is evidently meant until he was divested of possession by someone whose title was superior to whatever rights his possession gave him. Appellee was a naked possessor, but such persons are clearly within the protection of the statute, even where they take and hold possession with the intention of acquiring title by limitation to something to which they have no claim otherwise. None of the cases cited by appellant in his brief support his contention. It will be found that all of them turn upon the point that the possession has been in subordination to the title of the owner, or under circumstances which show that it was not intended to be adverse to the owner or did not show a visible appropriation of the land.

Appellee's possession gave him title to 160 acres of the land. It appears that he had had the particular 160 acres claimed by him, and which included his improvements, surveyed in 1903.

The assignments of error presenting the proposition discussed is overruled.

It is objected to the verdict that it does not settle the issue submitted, and that the judgment is not responsive thereto. The verdict is as follows: "We, the jury, find a verdict for defendant, Richard Bland, allowing him to retain the 160 acres of land with all improvements thereon."

In view of the pleadings and the charge of the court this verdict was entirely sufficient to authorize a judgment for the specific 160 acres claimed by appellee and described in his answer.

We find no error in the record and the judgment is affirmed.

*Affirmed.*