**SCOTT v. RODGERS et al.    (No. 9974.)**

Court of Civil Appeals of Texas. Dallas.
June 25, 1927.

Rehearing Denied July 16, 1927.

1. Adverse possession ⬦85(4)—Evidence held to authorize finding that grantor remaining in possession acquired title to land under 10-year limitations (Rev. St. 1925, art. 5510).

Where plaintiff's ancestor conveyed land by warranty deed but remained in possession, evidence *held* to show that the ancestor acquired title to land conveyed under 10-year statute of limitations (Rev. St. 1925, art. 5510).

2. Adverse possession ⬦63(4)—Vendor remaining in possession after deed claiming land as his own without notice other than possession may acquire title by limitation.

A vendor remaining in possession after deed by himself claiming the land as his own with-

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

out notice other than possession may acquire title by limitation as against his purchaser.

**3. Adverse possession** ⊜⊃70—**"Claim of right" under which adverse claim is founded must not be subordinate to another's right, but asserted as superior to every one (Rev. St. 1925, art. 5515).**

Under Rev. St. 1925, art. 5515, defining adverse possession to be actual and visible appropriation of land commenced and continued under a claim of right, the "claim of right" must be a claim not subordinate to the right of another, but a claim asserted as superior to every one, and thereby inconsistent with and hostile to the claim of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Claim of Right.]

Error from District Court, Dallas County; Claude C. McCallum, Judge.

Action by Mrs. Annie Rodgers and others against Jane Leven Scott. Judgment for plaintiffs, and defendant brings error. Affirmed.

George Sergeant, W. H. Flippen, and John T. Gano, all of Dallas, for plaintiff in error.

J. D. Crutcher and R. L. Stennis, both of Dallas, for defendants in error.

JONES, C. J. James English and Mattie English, both deceased, were husband and wife and owned as their community property a small block of land approximately 150x500 feet located in West Dallas. There were born to this union five children. After the death of Mattie, James English married a second wife, and there were born to this union three children, who were minors at the time this suit was instituted. James English died in 1917. Title to this land was acquired by James English in 1888. In 1890 he sold a small strip off of one side of this land to J. E. McAleer and evidenced such conveyance by a warranty deed duly executed. This deed recited a cash consideration of $450. This purchase, however, was made by McAleer for the Dallas Land & Loan Company, and he at once executed a deed to said company, McAleer being its employee. The loan company subsequently executed a deed to the property to Marsalis, who conveyed same to David Scott. Jane Leven Scott is the sole heir of David Scott, deceased.

The defendants in error are the heirs at law of James and Mattie English, except the defendants in error, who are the children of the second marriage, they being heirs at law of James English. The suit was filed in district court of Dallas county for partition of this land among these heirs and to remove cloud to the title to the strip of land above named. David Scott, who never resided in the state, and his unknown heirs, were cited by publication. Plaintiff in error Jane Leven

Scott answered as the sole heir of David Scott and set up her claim to said strip of land by virtue of the above-named conveyances. The 10-year statute of limitation (Rev. St. 1925, art. 5510) was pleaded by defendants in error as a bar to this claim.

The case was tried before the court without the intervention of a jury, and resulted in judgment declaring the interest of the defendants in error in the land in accordance with the laws of descent and distribution, and in their favor on the plea of limitation divesting plaintiff in error of any title to the strip of land claimed by her. Plaintiff in error has duly perfected her appeal to this court.

The trial court's conclusion of law was that James English in his lifetime acquired title to the strip of land sold to McAleer, under the 10-year statute of limitation, and made specific findings of fact sustaining this conclusion. This finding of the court is attacked upon the ground that it was not sustained by the evidence, and this presents the controlling issue of this case.

[1] The undisputed evidence shows that no actual notice of this adverse claim and the repudiation of this conveyance was given to McAleer or any subsequent grantee. There is, however, positive testimony by a number of witnesses that this entire tract of land was fenced by James English in 1888, and from that time until his death that he continued to cultivate, use, and enjoy the entire tract of land and openly claimed ownership of all of the land after the deed of 1890, and gave a reason for this repudiation. There is positive evidence that the fence was maintained during the lifetime of James English and that, while there were cross-fences, he used the entire original block of land and made his claim of ownership thereto. A few years before his death he was asked if he owned all that block of land and he stated positively that he did. After his death the land has been used by agreement of the children of the first marriage for the benefit of the minor children of the second marriage, and was occupied by tenants who paid rent to their representative.

Plaintiff in error's specific claim as to the insufficiency of the evidence to sustain the court's conclusion of fact on the issue of the adverse possession of James English on the strip of land in dispute is that, as English conveyed same by a warranty deed, his holding was for his grantee; that there must be a repudiation of this implied holding, and this can only be accomplished by actual notice of such repudiation brought home to the grantee or his vendee, before the statute of limitation will be set in motion.

[2] The decisions of our courts do not recognize such implied holding by the grantor in favor of the grantee in an executed contract of conveyance. These decisions are to the effect that a vendor, remaining in possession after deed by himself, claiming the land as

his own, without notice other than the possession, may acquire title by limitation as against his purchaser. Dickey v. Forrester (Tex. Civ. App.) 148 S. W. 1181; Smith v. Montes, 11 Tex. 25; Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340; Thomson v. Weisman et al., 98 Tex. 170, 82 S. W. 503; T. & P. Ry. Co. v. Maynard (Tex. Civ. App.) 51 S. W. 255; Pendleton v. Mc-Mains et ux., 32 Tex. Civ. App. 575, 75 S. W. 349.

[3] It is further claimed that as article 5515, R. S., defines adverse possession to be "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another," the holding of the claimant must have been founded on some claim of title other than mere possession. To this contention we cannot agree. If the statutory definition ended with the words "under a claim of right," and did not add the words "inconsistent with and hostile to the claim of another," perhaps there would be something in this contention. However, this is not an open question in this state. The law has been settled against appellant's contention. Houston Oil Co. of Texas v. Stepney (Tex. Civ. App.) 187 S. W. 1078; Kinney v. Vinson, 32 Tex. 126; Charle v. Saffold, 13 Tex. 112; Link v. Bland, 43 Tex. Civ. App. 519, 95 S. W. 1110; Craig v. Cartwright, 65 Tex. 413; Word v. Drouthett, 44 Tex. 369; Bruce v. Washington, 80 Tex. 372, 15 S. W. 1104. The effect of these decisions is that the "claim of right" must be a claim not subordinate to the right of another but a claim asserted as superior to every one, and thereby "inconsistent with and hostile to the claim of another."

We are therefore of the opinion that this case should be affirmed.

Affirmed.