## JAMES CULBERTSON v. WILLIAM ELLISON.

Where the entry did not show that a garnishee who had failed to answer, had been called before judgment was rendered against him, and the garnishee's answer was marked filed same day, and next day the garnishee moved to set aside the judgment on the ground that his answer had been filed, and that he had not been called, which motion was overruled; it was held that the presumption was that the answer was filed after the judgment was rendered; but the judgment was reversed because it did not affirmatively appear that the garnishee had been called.

Appeal from Caldwell. Tried below before the Hon. Thomas H. DuVal.

Suit by William Ellison against William D. Larrimore; attachment; James Culbertson and two others, garnishees. Oct. 30th, 1856, answer of Culbertson, denying, &c. Same day trial of the cause; judgment against Larrimore, and in same entry judgment for same amount against Culbertson and another of the garnishees, reciting that they had been duly summoned and had failed to answer, but not reciting that they had been called. Next day motion by Culbertson, to set aside the judgment against him on the ground that his answer had been filed, that he had not been called before the rendition of the judgment, and that the case against him as garnishee was not called at all before the rendition of judgment against him.

Motion overruled &c.

*Rogan & Cowan*, for appellant. Appellant's answer, as garnishee, had been filed. Art. 49 Hart. Dig., contemplates that judgment be first rendered against the defendant in attachment; then that the garnishee be called; and then, if the garnishee fails to answer, that judgment be rendered against him. The record should affirmatively show that the statute has been complied with.

*Chandler & Turner*, for appellee. The motion contradicts the record, as to the filing of the answer of appellant, and is not even supported by affidavit.

Every legal intendment is in favor of the judgment; and the presumption is that the garnishee was called.

WHEELER, J. The presumption in favor of the judgment is, that the answer of the garnishee, though filed on the day of its rendition, was not, in fact, until after the judgment was rendered. It therefore was not in time to prevent the plaintiff from taking his judgment. But it is only by force of the statute that the plaintiff is entitled to his judgment against the garnishee. It is a rigorous proceeding, and a right depending upon strict law. The provision is that it shall be lawful for the Court "after calling the garnishee" to render judgment against him (Hart. Dig. Art. 49.) The statute is plain and positive and must be complied with. There is no case against the garnishee upon the docket of the Court, and the object in requiring him to be called must be to give him notice, before judgment final is entered, in order that if, in fact, he is not the debtor of the defendant in attachment and has no effects of the latter in his hands, he may then avert the judgment by his answer. The record ought to show that the law was complied with. Especially when the garnishee answered immediately, and moved without delay to set aside the judgment because he had not been called as the law provides, we think the Court ought to have set aside the judgment and received the answer. We are of opinion, therefore, that the judgment be reversed, as to this garnishee, and the cause remanded. The judgment cannot be revised and will not be affected as to the defendant in attachment and the other garnishee, not before the Court upon this appeal.

Reversed and remanded.