## JOHN G. HARNAGE V. HENRY BERRY.

1. CONTINUOUS POSSESSION—LIMITATION.—See testimony held insufficient to sustain a verdict supporting a title by limitation.
2. DECLARATIONS OF TENANT IN POSSESSION are admissible to show the character of his possession.

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

This is the second appeal in this case. (39 Tex., 638.) The facts sufficiently appear in the opinion.

*A. G. Bagley,* for appellant.

*James H. Jones,* for appellee.

IRELAND, ASSOCIATE JUSTICE.—This suit was brought by Berry to recover the west quarter of the "Rud" league of land in Rusk county.

All the parties claim title under the Rud grant. Plaintiff claims through Moss, and there is a deed from one Pearce, representing himself as attorney-in-fact for Moss, and there is a paper found in the record purporting to be a power of attorney from Moss to Pearce. It appears to have been copied from the County Court records in Arkansas, and that copy placed on record in Rusk county. The terms of this paper leave no room to doubt that its whole meaning and purport referred solely to the affairs of Moss in Arkansas, and a power to sell land in Texas is wholly wanting, and the instrument was so treated by the court below.

The plaintiff says in his petition that he owns the west fourth of the Rud league, and that Harnage and others own portions of the same league, but that he, plaintiff, does not know the metes and bounds of his west fourth, and cannot know it until there is a partition.

The plaintiffs amended, and plead limitation.

There were a number of defendants and intervenors. None appealed, however, except Harnage, Hart, and the executors of Jesse Mayfield.

The charge of the court and pleadings are very voluminous; but we believe that the case can and should be disposed of on one point.

The third clause in the finding of the jury is in these words:

" 3d. We, the jury, find, by virtue of the statute of limitations, for the plaintiffs, as against the defendants, John G. Harnage and the executors of Jesse Mayfield.

"(Signed)          J. C. Hickey, *Foreman.*"

The plaintiff says that when he purchased, in 1857, there was a small patch—about a quarter of an acre—under fence; rails looked like they were one or two years old. That he employed a man by the name of Stokes, who lived on another tract about a mile and three quarters, to look after the land and protect the timber; that Stokes was his tenant; that this little improvement was within fifty or one hundred yards from the road leading from Henderson to Nacogdoches. He did not know that Stokes cultivated or used the land after he let him have it. He (plaintiff) lived some fifteen miles from the land. That he was on the land in 1859 or 1860; saw the patch or fence; that there was nothing growing on it; looked like it had been cultivated that year. That he did not tell defendant he was claiming the land until he brought suit for it; said he had paid taxes on the land ever since he had purchased it. That the little patch on the land was a mile or a mile and a quarter from the west line of the Rud league, but did not know whether it was on this land or not.

Vansickle, for plaintiff, said he saw a small patch on the land in 1856 or 1857; looked like it had been sown down in small grain; that he was overseer of the road that went by the place from 1857, until he went to the war; in

1861 or 1862; that he worked on the road ten days every year, and that after 1857 the improvement went down, and that he knew that it had not been used or cultivated after that time until he went to the army.

Smith, from whom plaintiff bought, says that there was a small portion of the land that was cleared and cultivated by him; that he took actual possession of the land by cultivating a portion of the same, and that he kept possession of it until he sold it. Says he and Wardsworth paid taxes on it from 1855 to 1857.

We have thus given the plaintiff's testimony as to possession at length.

For the defendant it was in proof by a number of witnesses that they were familiar with the land, lived near it, hunted over it, passed over it frequently, saw hog pens on it, one of which defendant built or had built; but none of them ever saw the quarter of an acre said to have been cultivated by plaintiff. There was a motion for a new trial; and one of the grounds assigned is that the verdict is not warranted by the evidence, and the refusal to grant the new trial is assigned as error.

It is not the practice in this court to reverse judgments when there is a mere conflict in the evidence, or where this court, acting in the place of the jury, would have found the issue different. "While a verdict must appear to be clearly wrong before it will be disturbed by this court, yet, when the jury have manifestly found against the weight of the evidence, it is not only the right but the duty of the court to set the verdict aside." (Wills v. Lewis, 28 Tex., 186.)

The verdict in this case is manifestly against the weight of evidence, and the court erred in not granting a new trial.

As the case will go back for a new trial, we think it proper to notice the ruling of the court in one other respect. It was in proof that one Cox had been living on the

land, and it was attempted to be shown by the defendant, through the declarations of Cox, that his, defendant's, possession was in privity with that of Cox. This was objected to on the ground that it was hearsay, and the court excluded it and defendant excepted.

We believe that the declarations of a tenant in possession may always be proved in order to show the nature of his possession. (1 Greenl. Ev., § 109.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.