## Hiram W. Moss v. Henry Berry et al.

*(Case No. 982.)*

1. LACHES.— Laches by the owner of the legal title in failing to sue and pay taxes will not defeat his action against a trespasser, where there has not been actual adverse possession for a sufficient time to support the plea of limitation.

2. RATIFICATION.— The doctrine that one whose land has been conveyed by the unauthorized act of an agent, and who might by reasonable diligence have known of the sale, claim and possession under it, will be presumed from his silence after a long period of years to have ratified the sale, has application only where the owner asserts a mere equitable right, but has no application when, in trespass to try title, the owner relies on his legal title.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

Suit in trespass to try title. A statement of the evidence which was held insufficient to warrant the verdict and judgment in this case would not make more clear the legal principles announced, and the conclusion necessary to sustain the judgment, which the evidence failed to establish, is apparent from the opinion itself. Appellee claimed under one Pearce, acting as agent, but without authority to convey title.

*N. J. Bagley* and *Wynne* for appellant.

*James H. Jones* for appellee.— If appellant knew, or might have known by reasonable diligence, that Pearce had sold his land as his agent, and the purchaser had taken possession under appellant's deed, made by Pearce, as his agent, and that appellant acquiesced in the sale for twenty-two years, appellant, in law, ratified the act of his agent. Connolly *et al. v.* Hammond *et al.*, 51 Tex., 635, and authorities referred to in it; Bremond *v.* McLean, 45 Tex., 18, 19; Smith *v.* Talbot, 18 Tex., 784, 785; Carlisle *v.* Hart, 27 Tex., 350; Law *v.* Cross, 1 Black's U. S. R., 594.

GOULD, ASSOCIATE JUSTICE.— We are of opinion that the evidence shows that Pearce, in selling the land, acted under the power of attorney which has twice been before this court

and been held insufficient. Berry v. Harnage, 39 Tex., 638, and 43 Tex., 567. The evidence of Moss is, that he gave Pearce no power other than by that instrument, and it does not appear that Pearce assumed to have, or was supposed to have, any power other than under it. We think that the evidence negatives the existence of any other power of attorney, and we think, further, that it was insufficient to show a ratification of the sale.

Counsel for appellee have not sought to support the verdict on the ground that the jury, not crediting Moss' testimony, believed that he knew of the sale, and was silent because he was satisfied with it, or thought it authorized by the power of attorney. The testimony of Moss has not been assailed in this court, and, so far as we can see, was not assailed on the trial.

The proposition submitted by counsel is, that by reasonable diligence he might have known of the sale by Pearce as his agent, and of the possession taken and claim asserted under that sale, and that his silence for twenty-two years amounted in law to a ratification. The cases cited in support of this proposition are none of them similar to this. They are mostly cases where a sale, voidable on equitable grounds (as where a trustee, to sell, becomes also indirectly the purchaser), has been regarded as ratified, because of laches in asserting it. Moss, in this case, seeks to recover the land sued for as the owner of the legal title. The defendant seeks to defeat the recovery by reason of a sale unauthorized and invalid, unless on equitable grounds. Moss is precluded from denying that he has acquiesced in and ratified it. The proposition that Moss must be held to have known what, by reasonable diligence, he might have known, might be sound, if Moss were asserting a mere equitable right, but is unsound when applied to this case, in which he does not appeal to equity, but relies on his legal rights.

Laches of the owner of the legal title in suing and paying taxes will not defeat his action, where there has not been actual adverse possession for a sufficient time to support the plea of limitation. Williams v. Conger, 49 Tex., 602.

The neglect of Moss may have been proper for the consideration of the jury, as tending to show acquiescence, but, being unsupported by other evidence, and acquiescence and even knowledge having been denied by Moss, testifying as a witness, we are of opinion that the evidence was insufficient to support a finding of ratification.

We are further of opinion that the evidence fails to show cultivation, use or enjoyment of the land for five successive years.

As to the period prior to the suspension of limitation, the evidence for the defendant is about the same passed upon by this court in the case of Harnage v. Berry (43 Tex., 567), and held insufficient. The opposing evidence is now stronger than it was then, and makes it probable that the small improvement made prior to the war was not on the one-fourth league in controversy.

As to the period after March, 1870, the affirmative testimony of Berry is indefinite, and shows that he was unable to testify as to possession in 1871-2-3 or 4. On the other hand, there was positive evidence that the place was not occupied or cultivated in 1871 or 1872.

In our opinion, the evidence is clearly insufficient to support the verdict, and accordingly the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 30, 1880.]