### JACK WHITTAKER ET AL. v. W. W. THAYER ET AL.

Decided January 13, 1908.

#### 1.—Land Certificate—Sale—Title to Land.

A sale by an administrator of a land certificate after it has been located and patented, does not pass title to the land.

**2.—Trial—Agreement of Counsel.**

An agreement between counsel that either party may read from a certain abstract any instrument therein contained with the same effect as if the loss of the original had been duly proven, does not include the right to read from the deed record an instrument embraced in the abstract, without proof of the loss of the original.

**3.—Charge—Exclusion of Issue.**

In a suit of trespass to try title wherein the defendant plead not guilty as well as limitation, charge considered, and held erroneous in that it eliminated every issue except limitation, and allowed the plaintiff to recover without proving a superior title.

**4.—Possession—Declarations as to.**

Declarations, as well as acts of one in actual possession of land, showing that he claims to be the owner, are admissible as tending to show hostility of possession, and are not subject to the objection that they are self-serving.

**5.—Cumulative Evidence—Exclusion—Error.**

The exclusion of competent evidence is not rendered harmless by the fact that other evidence to the same effect is before the jury. A different rule obtains as to the admission of incompetent evidence.

**6.—Argument of Counsel—Practice.**

Where the evidence is sharply conflicting upon a material issue, the improper remarks and conduct of counsel will constitute reversible error. Rule exemplified.

Appeal from the 55th District Court, Harris County. Tried below before Hon. W. P. Hamblen.

*Fisher, Sears & Campbell,* for appellant.—A sale by an administrator of a certificate for land after it has been located will not pass the title to the land located under it. Thompson v. Langdon, 87 Texas, 259; East v. Dugan, 79 Texas, 330; Hume v. Ware, 87 Texas, 383; Read v. Allen, 56 Texas, 194.

The charge eliminated every other question, and directed a verdict for plaintiffs, if the jury found that defendants made admissions that they were only holding said land with a view of purchasing the same from the owners, and this was error, as plaintiffs' rights to recovery depended on a finding in their favor on other issues. Baker v. Ashe, 80 Texas, 361; San Antonio & A. P. Ry. v. Robinson, 73 Texas, 283.

In argument counsel should confine themselves to the evidence. It is reversible error to state to a jury, as was done, that the counsel can sustain his witness by matters not in evidence, and offer to do so by a prior statement not in evidence, when the credibility of the witness' statement is under discussion. Galveston, H. & S. A. Ry. v. Marsden, 1 W. & W. Texas Ct. of Apps., sec. 1001; 4 Wilson Texas Court of Appeals, sec. 22 and sec. 89; Willis & Bro. v. McNeill, 57 Texas, 474-475; Leach v. Dodson, 64 Texas, 189; Gulf, C. & S. F. v. Butcher, 83 Texas, 313-314.

*Baker, Botts, Parker & Garwood* and *E. P. & Otis K. Hamblen,* for appellees.—In the absence of evidence in the probate proceedings conclusively showing that the bounty warrant only was sold, and

not the land on which it was located, the court will presume that the Probate Court sold the land, as it should have done, and not the bounty warrant alone, as it should not have done.

In a collateral attack all presumptions are in favor of the regularity of the probate proceedings. Templeton v. Ferguson, 89 Texas, 57; Lyne v. Sanford, 82 Texas, 63. As to description: Lubbock v. Binns, 20 Texas Civ. App., 412; Whitaker v. Thayer, 86 S. W. Rep., 366.

It was admissible and proper to read from the original record books of deeds the instrument there recorded as a circumstance tending to prove the execution of a deed from Southmayd to De Cordova, proof of the loss of the original deed having been waived. Crain v. Huntington, 81 Texas, 615; Baylor v. Tillebach, 20 Texas Civ. App., 493; McCarty v. Johnson, 20 Texas Civ. App., 189.

McMEANS, ASSOCIATE JUSTICE.—This was a suit of trespass to try title, brought by appellees W. W. Thayer, Maria L. Clarke and others, plaintiffs below, against appellants Jack Whittaker and his wife, Caroline Whittaker, and others, defendants below, to recover the Moses Merritt 640-acre survey of land in Harris County. The petition was filed January 3, 1903. Whittaker and wife answered by plea of not guilty and by plea of limitation of ten years as to 129 9-10 acres, described by metes and bounds in their answer. In replication to the plea of limitation Maria L. Clarke, pleaded coverture. Plaintiffs dismissed their suit as to Jack and Caroline Whittaker except as to the 129 9-10 acres described in their answer. The case was tried before a jury and resulted in a verdict and judgment for appellees, from which the defendants Whittaker and wife duly perfected their appeal.

One of the links in the chain of plaintiffs' title was a deed from Jacob De Cordova as administrator of the estate of Proctor P. Hosley to John Allen Southmayd. Appellants objected to the introduction of this deed in evidence on the ground that the deed showed that the administrator only sold the certificate for land granted to Moses Merritt for 1280 acres, numbered 2699, and that the sale was void because the evidence showed that at the time of the sale the land had been located and patented. The action of the court in overruling the objection and admitting the deed in evidence is made the basis of appellants' first assignment of error. If, as contended by appellants, the sale by the administrator was of the certificate, after the land had been located and patented, and not of the land, the purchaser acquired no title. East v. Dugan, 79 Texas, 329. On a former trial of this case the same objection to the introduction of said deed was made and overruled and the Court of Civil Appeals of the Fourth District in passing upon the question (86 S. W. Rep., 366) concluded that the sale and conveyance was of the land and not of the certificate. We quote: "The first, second and third (assignments) insist that the conveyance from P. De Cordova, administrator of the estate of Proctor P. Hosley, to John Allen Southmayd, dated September 1, 1845, sold the certificate and not the land (the land at that time having been located

and patented) and that the sale was void for that reason. We do not agree with this. The proceedings had in the Probate Court concerning the sale and conveyance indicate that the property intending to be, and which was, sold, was land, and upon the face of these proceedings the courts can not declare otherwise." We are not inclined to agree to that conclusion; but in view of the fact that the case was last tried in the court below upon this ruling we do not think that we should disturb the judgment on the ground presented in this assignment. Railway Co. v. Bellew, 62 S. W. Rep., 99.

Before the trial began the parties to the suit entered into a written agreement to the effect that either party might read from a certain abstract of title any instrument contained therein with the same effect as if said instrument was a duly certified copy, and proper notice given, and said copy duly filed and the loss of the original proven, but that all other objections thereto were reserved and might be urged. During the progress of the trial a copy of an instrument contained in the abstract purporting to be a deed from Jacob De Cordova to J. A. Southmayd was offered in evidence by plaintiffs, but was withdrawn after the court had sustained appellant's objection that the deed was not properly acknowledged. Afterwards plaintiffs offered the record of the deed, volume K, page 24, which was objected to for the reason that the original had not been introduced or accounted for, which objection was overruled and this ruling of the court is made the basis of appellant's fourth assignment of error. The record of the deed was inadmissible in the absence of proof of loss of, or failure to account for, the original. To meet appellants' assignment, appellees urge that proof of loss of the original deed had been, by the agreement, waived. To this we can not agree. The agreement was that "either party may read from the abstract . . . any instrument therein contained . . . with the same effect as if . . . the loss of the original had been duly proven." The agreement was that the parties might read from the abstract any instrument therein contained, and not that they might read from the record, the instruments therein referred to; and when the appellees waived the right to read the abstract and offered in evidence the deed record, appellants were not bound by the agreement to waive proof of loss of the original.

The court charged the jury as follows: "If you believe from the evidence that within the ten year period, relied upon by defendants to make out their limitation, that the said defendants made admission that they were only holding said land with the view of purchasing same from the owners of said land, when the true owners of said land could be ascertained, or when the land should be placed on the market, you are charged that, in the event you so believe from the evidence, that such possession would not be adverse to the true owner as defined by the statute of limitations, and limitation would not run in defendants' favor; and if you so find the facts to be from the evidence before you, you will find for the plaintiffs." This charge is assailed by appellants on the ground that the court, by giving it, eliminated every issue in the case other than that of limi-

tation and ignored the issue of the right of plaintiffs to recover being dependent upon a finding in their favor on the issue of title. This assignment is sustained. The jury could well have assumed the charge to mean, unqualified as it was, that if within the ten year period the defendants admitted they were not claiming adversely to the true owners they could not recover even though plaintiffs had failed to show title in themselves.

Appellants' eleventh assignment is as follows: "The court erred on the trial in excluding the testimony of Christian Petry, offered by defendants, to the effect that in 1892, Whittaker, while in possession of the land, stated to the witness that he was claiming 160 acres of the land, and was in possession of part of it at the time, working it, said testimony being excluded on the ground that it was a self-serving declaration," etc. Declarations, as well as the acts of one in actual possession of the land, showing that he claims to be the owner, are admissible as tending to show hostility of possession. 1 Cyc., 1148; Lachausen v. Laughter, 23 S. W. Rep., 513. The testimony should have been admitted. Appellees, to avoid the force of appellants' contention, urge that the evidence sought to be elicited was only cumulative, and that appellants had proved the same facts by other witnesses. It has often been held that the admission of incompetent testimony over objections seasonably interposed, is harmless where testimony to the same effect has been admitted without objection; but we know of no case that extends the rule so far as to exclude competent testimony because other competent evidence to the same effect has been admitted.

The witness Harrall testified that appellant Jack Whittaker told him, in effect, that he, Whittaker, had squatted on the land, hoping the owner would come along some day and he would be able to buy it; that he wanted to buy a tract of land. Whittaker denied the statement. On cross-examination counsel for appellant asked Harrall about his testimony on a former trial, and endeavored to thus show that a discrepancy existed as to his testimony given at this and at the former trial. Appellees' counsel, in the concluding argument, holding in his hand a statement of facts which was made at the first trial, said to the jury: "Mr. Sears, counsel for defendant, argued to you that Mr. Harrall's testimony on this trial was not the same as it was on the first trial, and he asked him about certain parts of his former testimony, and I will now show you, from this statement of facts, other parts of Mr. Harrall's testimony which will show you that he did then testify the same as he testifies now." This was objected to on the ground that appellants' counsel had not asked the witness about the statement in the statement of facts which he proposed to show to the jury, and said statement of facts was not in evidence and counsel's statement to the jury was improper and prejudicial. The court overruled the objection and an exception was saved. Thereupon appellees' counsel stated: "If the gentleman objected to his reading from the statement of facts what Mr. Harrall had testified to on the previous trial, in order to show that there was no discrepancy in his evidence, he would not read the same." To this statement appellant also objected. Counsel

for appellee then stated to the court that he would not read from the statement of facts unless appellants' counsel would consent to it. Appellant again excepted and the court told him to take his bill of exceptions. Whether Whittaker's possession was adverse was sharply contested. Harrall only testified to admissions by Whittaker that he was not holding in hostility to the owner. The court had excluded evidence of declarations of Whittaker made in 1892 that he was holding under a claim of ownership. Several witnesses, including Whittaker, testified to Whittaker's continuous and actual possession from the year 1892 to the time of filing of the suit in 1903, and Whittaker himself testified that his possession was under a claim of ownership and denied the statement of Harrall. The assignment of error based on the exceptions referred to presents prejudicial error and is sustained.

We have examined the other assignments of error presented by appellants, and do not find any reversible error in any of them. For the errors indicated the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*