LOVENSKOILD et al. v. CASAS. (No. 5874.)

(Court of Civil Appeals of Texas. San Antonio. June 6, 1917. Rehearing Denied June 22, 1917.)

1. EVIDENCE &xrarr;317(4)—HEARSAY.
Witness could not testify that plaintiff told him that plaintiff's grantor gave him the deed to keep; that being hearsay.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1177.]

2. EVIDENCE &xrarr;271(15) — SELF-SERVING DECLARATIONS.
Such statement was inadmissible as self-serving.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1092, 1093.]

3. EVIDENCE &xrarr;121(9)—RES GESTÆ.
Such statement was inadmissible as not part of the res gestæ.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 320–325.]

4. WITNESSES &xrarr;159(2) — INTEREST — DISQUALIFICATION.
In trespass to try title by a grantee against his grantor's executor, witness could not testify that plaintiff told him that plaintiff's grantor gave him the deed to keep, that being inadmissible as violating Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, as to testimony of parties as to transactions with the testator, in actions against executors.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 629, 667, 668, 678.]

5. EVIDENCE &xrarr;123(1)—"RES GESTÆ."
A narrative declaration is not res gestæ.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351, 357, 359, 368.
For other definitions, see Words and Phrases, First and Second Series, Res Gestæ.]

6. EVIDENCE &xrarr;444(4) — PAROL — RESTRICTIONS IN GRANT.
If a deed contains no restriction rendering it operative only on the grantor's death, no such clause can be added by parol.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929, 1930, 1940, 1941, 2049.]

7. WILLS &xrarr;88(2)—"DEED" OR WILL.
An instrument purporting to convey title to lands on its delivery is a deed and not a will,

though possession be deferred until the grantor's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 209.

For other definitions, see Words and Phrases, First and Second Series, Deed.]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Juan Casas against Perry G. Lovenskoild and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jno. C. Scott and E. B. Ward, both of Corpus Christi, for appellants. S. A. Early and T. O. Woldert, both of Corpus Christi, for appellee.

SWEARINGEN, J. This is a trespass to try title suit by appellee, Juan Casas, against appellants, Perry G. Lovenskoild, as executor of the will of Oscar C. Lovenskoild, deceased, and the beneficiaries under the will to recover two described lots in Corpus Christi, Tex., together with rents and waste caused by the removal of improvements from the lots. Appellants answered "Not guilty," and pleaded title by limitation of three, five, and ten years. Upon special issues answered by the jury, the court rendered judgment for appellee.

Oscar Lovenskoild, a bachelor, in 1889 executed a deed conveying to Juan Casas, the appellee, the property, here involved, to be delivered to Juan Casas after the grantor's death. Juan Casas was an employé, agent, and confidential friend and intimate associate of Oscar Lovenskoild from 1874 until 1904. There is no dispute that possession of the deed was retained by the grantor, in accordance with his intent for delivery after his death until the latter part of April or first part of May, 1903. Juan had free access to all of the grantor's papers, including the deed, in his capacity as employé. In 1904 Juan Casas was discharged by Oscar Lovenskoild. The issue decisive of this litigation is whether or not Juan Casas came into control of the deed, under which he claims, with the consent of Oscar Lovenskoild or without his consent.

The evidence is conflicting, but the jury determined the issue in favor of the appellee, which would conclude this court but for the error of the trial court in admitting, over objection of appellants, material illegal evidence, which is presented in the sixth and fourteenth assignments.

[1-4] The error assigned in the sixth is that the court failed to exclude the following testimony: "Juan Casas * * * said Mr. Oscar gave me this deed to keep," referring to the Oscar Lovenskoild-Juan Casas deed, at the time in his possession. The objection was hearsay, self-serving, and forbidden by the statute (article 3690), and not res gestæ. The objections should have been sustained for each of the reasons urged. The extra-

judicial declaration of Juan was hearsay, because it was not the best, evidence to prove that Mr. Oscar actually gave Juan the deed. The declaration was not made under oath, with opportunity of cross-examination, and Oscar Lovenskoild was not present. Dwyer v. Bassett, 1 Tex. Civ. App. 515, 21 S. W. 621; Taliaferro v. Goudelock, 82 Tex. 521, 17 S. W. 792. The declaration is so clearly self-serving as to preclude comment. As stated in Mooring & Lyon v. McBride:

"We know of no case in which such declarations were admitted for the purpose of showing title in the declarant." Mooring & Lyon v. McBride, 62 Tex. 312.

The declaration explains a transaction had by Juan Casas with Oscar Lovenskoild, who was dead at the time of the trial of this suit against his executor, as such, and the declaration purports to show that Oscar Lovenskoild intended to deliver this deed to Juan Casas, and intended to lose control thereof at the time of delivery. Such testimony is expressly prohibited by the statute (article 3690). The declaration was not res gestæ of the fact of possession of the deed.

Appellee's counsel disclose by their brief, and the trial court by its qualification of the bill of exception, that they considered this declaration analogous to statements of persons in possession of land showing character of possession to support claim of adverse possession like those approved in Word v. Drouthett, 44 Tex. 368; Curtis v. Wilson, 2 Tex. Civ. App. 649, 21 S. W. 787; Harnage v. Berry, 43 Tex. 567; Campbell v. S. A. Machine & Sup. Co., 133 S. W. 752; Carter v. Town of La Grange, 60 Tex. 638; Flanagan v. Boggess, 46 Tex. 337; Bradshaw v. Mayfield, 18 Tex. 21; or like those cases where possession of declarant was under claim of ownership, not tenancy; Field v. Field, 39 Tex. Civ. App. 5, 87 S. W. 726; Whittaker v. Thayer, 48 Tex. Civ. App. 512, 110 S. W. 787; or like those admitting declarations of persons in possession of personal property evidencing ownership or bailment or explaining nature of possession. Smith v. Savings Bank, 1 Tex. Civ. App. 123, 20 S. W. 1119; Fellman v. Smith, 20 Tex. 101. It is argued by appellee's counsel that Juan Casas had possession of the deed, and that his declaration characterizes the possession as ownership. Appellee contends that this characterization is important, because the possession was equivocal, for the reason that Juan Casas may have had the deed as owner or only as a messenger for the purpose of carrying it to a custodian, as was the character of his possession of the will. It is further argued that the character of the possession is the main issue to be established; that the possession unexplained does not establish the main fact; that the declaration explaining the possession is a part of the fact of possession and therefore res gestæ. The argument is plausible and receives apparent support from the cases cited. However, the conten-

tion is unsound and the authorities cited are not applicable to declaration in evidence here. In the first place the character of Juan's possession of the deed is not a main issue; it is not even a collateral issue in this case. He had possession. That is not disputed. In what capacity he had possession is immaterial. The issue is, how did he get possession? How, not what. Did Oscar Lovenskoild give it to Juan to keep as his own, or did Juan acquire possession without the grantor's consent? If the declaration only completed the fact of possession by explaining the physical situation with the explanation of the nature thereof, it would be immaterial in the case at bar; therefore not admissible as res gestæ. However, the declaration does not explain nor purport to explain the immaterial issue of character of possession, by showing what the declarant's intention was in regard to the possession; it explains what Oscar Lovenskoild's intention was at another place and time, for the declaration is that Oscar gave the deed to Juan, and it was Oscar's intention that Juan should keep it for his own and thereby acquire Oscar's property.

Oscar's intent cannot be proven by the evidence, after the death of Oscar, of a declaration made by Juan in the absence of Oscar under the guise of res gestæ explaining possession of the deed. The intent of Oscar at time of delivery of deed, if he did deliver it to Juan, is certainly not a part of the fact of possession by Juan of the deed at another place and time out of the presence of Oscar, and is therefore not res gestæ. In all the relevant cases cited by appellee, the declarations, admitted as res gestæ, explained the intent of the declarant, not of some other absent adverse party.

[5] Another reason why the declaration is not res gestæ is that the declaration itself was a narrative by Juan of Oscar's previous act and a narrative of Juan's conclusion of Oscar's intent in performing that act. A declaration which is a narrative is not res gestæ. M., K. & T. Ry. Co. v. Tarwater, 33 Tex. Civ. App. 116, 75 S. W. 937. Indirect and Collateral Ev. by Gillett, §§ 264 and 289, citing many cases under note 1, page 316, and note 2, page 349. Then again, the circumstances surrounding this declaration destroy it as res gestæ, were it ever such, because the causal relation between the act and the declaration is broken by the opportunity and probability of individual wariness, seeking to manufacture evidence for itself. Indirect & Collateral Ev. (Gillette) § 239; State v. Martin, 124 Mo. 514, 28 S. W. 12; McGowen v. McGowen, 52 Tex. 664. It is manifest from the record that this evidence was calculated to materially influence the jury in reaching its verdict that Oscar Lovenskoild delivered the deed to Juan to keep. The declaration made the basis of the fourteenth assignment

should have been excluded for the reasons expressed above.

The sixth and fourteenth assignments are sustained.

The first, second, third, fourth, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, and sixteenth assignments, all complaining of the admission of testimony over objections of appellants, are all overruled.

That the judgment is contrary to the law and evidence is the substance of the seventeenth assignment, under which five propositions are submitted. The first, second, fourth, and fifth concern the existence and certainty of the evidence relating to various issues of fact, which was the proper subject of determination by the jury and trial court, and may be again submitted to a jury.

[6] The third proposition cannot be sustained for the reason that the deed itself contains no conditions within itself that deed be of no effect until death of grantor, and if delivered to the grantee by the grantor as appellee contended, no conditions could be added thereto by parol. Holt v. Gordon (Sup.) 174 S. W. 1097.

[7] When the deed was delivered to appellee by Oscar Lovenskoild, appellee acquired control of the deed, and the grantor, Lovenskoild, lost control of it, and the fee estate granted in the deed became vested in Juan Casas, instanter. Such a conveyance, even though possession was dependent upon the event of the death of the grantor, is not a will, but a deed. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Griffis v. Payne, 92 Tex. 296, 47 S. W. 973. The seventeenth assignment is overruled.

The judgment of the trial court is reversed, and the cause remanded.