## SMITH v. BURROUGHS.
### No. 7545.

Court of Civil Appeals of Texas. Austin.
Dec. 17, 1930.

Rehearing Denied Jan. 7, 1931.

Collins, Jackson, & Snodgrass, of San Angelo, and G. S. Arnold, of Robert Lee, for appellant.

J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for appellee.

BLAIR, J.

A former appeal of this case is reported in Burroughs v. Smith (Tex. Civ. App.) 8 S.W. (2d) 301, where a complete statement of the nature of the suit will be found. Suffice it to say here that appellant Richard Smith sued appellee J. B. Burroughs in trespass to try title to recover section 16 of block 3, D. & S. E. Ry. Co. survey in Coke county; but in fact to recover a strip of land about 190 by 1,900 vrs. lying west of a certain old fence line, and the suit resolved itself into a question of whether this old fence line marked the true boundary between section 16 and 17 of said survey; both parties also pleading title to the land in controversy by the ten-year statute of limitation. Burroughs impleaded appellees H. A. Chapman and M. Mable Chapman Pegues, from whom he purchased section 17, seeking to recover damages upon their warranty of title to him in the event appellant recovered any land lying west of the old fence line. Chapman and Mrs. Pegues admitted liability in the event such land was awarded to appellant. This appeal is from a jury finding and judgment that the old fence in question marked the true boundary between the sections.

■■ The proposition that no question of boundary was raised by the pleadings is not sustained. In actions in trespass to try title no special pleadings are necessary to raise the question of boundary. Appellee's answer also disclaimed as to any land lying east of the old fence line, but pleaded not guilty as to all land sued for by appellant lying west of the old fence line, which pleading was sufficient to raise the question of boundary, absent a special exception thereto. Schiele v. Kimball, 113 Tex. 1, 194 S. W. 944; Cox v. Finks, 91 Tex. 318, 43 S. W. 1.

■ Nor is the proposition sustained that the evidence conclusively showed the old fence line not to be true boundary between the sections involved. Harve Chapman, appellee's predecessor in title, acquired section 17 prior to 1900. In 1900 he built the old fence in question which inclosed on its east what was thereafter commonly known as "Chapman's Pasture," and which until the filing of this suit in 1925 was generally reputed to be the boundary between the sections involved. The line on which this fence was built was located by Harve Chapman and W. F. Graves, both of whom were surveyors, as the east line of section 17. In 1896, by deed Harve Chapman and wife, Callie Chapman, conveyed to the Divide Community, out of the northeast corner of section 17, two tracts of two acres each for cemetery and school purposes, which tracts were located and fenced on the strip of land in controversy; and the east lines of these tracts were the same as the old fence line in question. The school tract was fenced after appellant acquired section 16, and he made no protest to the fencing of the land and its use for school purposes. Appellant claimed that these locations were mistakes, which were discovered by a resurvey made by W. P. Graves in 1907. Graves was not a witness, but his field notes were recorded and introduced in evidence, and they do not call any particular attention to any such mistakes and the school land was fenced after the resurvey without any protest from appellant. Several witnesses also testified to declarations of appellant that the land lying west of the old fence line was a part of section 17 and to certain acts of appellant recognizing the old fence as the true boundary line. Witness H. A. Chapman, Jr., who was the son of Harve Chapman and his wife, Callie Chapman, both deceased, and who with his sister, appellee Mrs. Pegues, inherited section 17 from their father and mother, gave the following additional testimony:

"I am familiar with the land regarded by me and by father as Sec. 17, Block 2, D. & S. E. Ry. Co. Survey in Coke County, Texas. The land regarded by my father and myself as Sec. 17, Block 2, D. & S. E. Ry. Co. lands in Coke County, Texas, consists of a tract of land fenced in about 1893 by my father, said land being completely enclosed by a wire fence and subdivided into a smaller pasture of about 40 acres and a field of about 40 acres.

"During the time that I was in Palo Pinto County part of the land in question, the pasture, was leased to Mr. Richard Smith.

"My father was a surveyor, I have studied surveying. My father rechecked the survey lines on these lands. He compared such lines with the location of the fences. As to what

he found by this checking and comparison, he told me that he ran a survey before he fenced the land, that the fence was built on the line as described in the deed to him.

"With reference to the lands enclosed on its east by the above mentioned fence, my father claimed he owned this land. These claims were made by him continuously during his lifetime.

"The east fence was let down under the agreement that when Mr. Smith gave up the lease on the pasture he was to repair the fence, leaving it in good condition. This agreement was made between my father and Mr. Smith. In 1913, to the best of my recollection, these lands constituting the pasture was leased to Mr. Smith; at that time the east fence had the wire loose from the posts at intervals of approximately three hundred yards, said wire being steepled to the bottom of the posts to hold it down. An agreement was made between my father and Mr. Smith that Mr. Smith was to repair the fence at the time he gave up the pasture.

"The pasture has been leased continuously by Mr. Smith except for two years according to my memory, one of which it was occupied by Mr. Burk, and the other, I believe, by Mr. McKinney."

The preceding evidence sufficiently sustains the jury's finding that the old fence line was the true boundary between the involved sections.

■ Nor do we sustain the several propositions that the court erred in admitting over appellant's objection that the same was hearsay and called for an opinion and conclusion of the witness, the preceding portions of the testimony of H. A. Chapman regarding claims made by his father that the old fence was the east boundary line of section 17, and that the lands inclosed on its east by the fence were claimed by Harve Chapman, deceased, continuously during his lifetime. In the first place, the testimony of H. A. Chapman was taken by deposition, and appellant's objections were made to the entire interrogatory without pointing out the specific testimony to which the objections were made. An examination of the testimony given in answer to the interrogatory shows that a greater part of it was admissible, because given from the witness's own knowledge of the land, the fences inclosing it, and from information acquired otherwise than from what his father may have told him. Since the objections failed to point out specifically the improper testimony complained of, the objections were properly overruled. Pecos & N. T. Ry. Co. v. Brooks (Tex. Civ. App.) 145 S. W. 649; Campbell v. San Antonio Mach. & Supply Co. (Tex. Civ. App.) 133 S. W. 750; Galveston H. & S. A. Ry. Co. v. Gormley, 91 Tex. 401, 43 S. W. 877, 66 Am. St. Rep. 894.

■ The testimony was also admissible against appellant on his plea of title to the land by the ten-year statute of limitation. It is clear under the pleadings and evidence that if the old fence line was found to be the true boundary between the sections and if the land in controversy was west of the old fence line, then appellee was entitled to recover it, unless his claim to it was overcome by appellant's plea of title thereto by the ten-year statute of limitation. Harve Chapman was appellee's predecessor in title. He was in possession of the land at the time the declarations complained of were made by him. They were made during the period which appellant claimed to have been in adverse possession of the land under his limitation plea. The law is settled that where a defendant seeks to recover title to land by limitation, declarations made by plaintiff's predecessor in title while in possession of the land and during the limitation period are res gestæ on the issue of adverse possession and admissible as explaining the character of such possession as well as the extent of such adverse claim, and that such declarations are not objectionable as hearsay. Hooper v. Hall, 30 Tex. 154; Harnage v. Berry, 43 Tex. 567; Campbell v. San Antonio Mach. & Supply Co. (Tex. Civ. App.) 133 S. W. 750; Texas & N. O. Ry. Co. v. Broom, 53 Tex. Civ. App. 78, 114 S. W. 655; Whittaker v. Thayer, 48 Tex. Civ. App. 508, 110 S. W. 787.

■ Appellant did not request that the testimony of J. A. Chapman be limited to the question of title by limitation, but that it be excluded altogether. Since he failed to request that the testimony be limited as to the question of limitation, he is not entitled to have it excluded altogether.

Appellant's remaining proposition reads as follows:

"The defendants having seen fit to offer the testimony of H. A. Chapman (quoted above) an incompetent witness, as to transactions between the plaintiff and Harve Chapman, deceased, the father of such witness, they thereby waived the benefit of the statute prohibiting the plaintiff from testifying as to transactions between him and Harve Chapman, deceased, in so far as were concerned the transactions testified to by the incompetent witness H. A. Chapman, and it was error for the lower court to exclude the testimony of the plaintiff, Richard Smith with reference to those transactions between him and Harve Chapman, deceased about which the incompetent witness H. A. Chapman had testified."

If permitted to have done so, appellant would have testified as follows:

"I can't remember the exact words but I recall that I mentioned to Mr. Chapman that Graves had surveyed the line and had found

that the southwest corner of Section 16 was 190 vrs. west of the south end of the old fence line, and that the northwest corner of Section 16 was 189 vrs. west of the old fence line and that Mr. Chapman replied, 'Yes, he knew that, and that when my lease was up he wanted me to put back the fence between us on the true line between us as that line had been established by the corners found by Graves.' He stated that when I stopped using the land he wanted me to separate our two sections by a fence and that he wanted me to begin the fence at the corner found by Graves located 190 vrs. southwest of the old fence line and run it straight to the corner found and marked by Graves located 189 vrs. west of the north end of the old fence, line, and I told him I would do it."

On the former appeal we held that similar testimony of appellant was properly excluded on the ground that it came within the meaning of article 3716, R. S. 1925, which prohibits parties from testifying against the heirs or legal representatives of transactions with their decedents, and appellee contends that the question was settled on the former appeal. (Tex. Civ. App.) 8 S.W.(2d) 301, 305. In reply, appellant contends that Chapman gave different testimony on the former trial as regards any specific agreement between his father and appellant, whereby appellant was to rebuild the fence after his lease expired, on the old fence line. Chapman's testimony was in effect the same on both trials, and the former appeal concludes that contention.

█ Appellant also contends that no question of waiver of the statute was presented on the former appeal by reason of appellee introducing the incompetent witness Chapman and his improper testimony, nor of appellant's right to rebut same by an equally interested witness, himself, and equally improper testimony relating to appellant's transactions with the deceased Chapman in regard to rebuilding the fence on the old fence line after appellant's lease had expired. This is true, but the proposition is without merit. Appellee introduced the testimony without objection by appellant. The rule is settled that the introduction without objection of improper testimony does not entitle the adversary to introduce in rebuttal improper evidence which is objected to. Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Massey v. Allen (Tex. Civ. App.) 222 S. W. 682; Kirby Lumber Co. v. Adams (Tex. Civ. App.) 291 S. W. 279.

█ Nor was the statute waived by appellee's introduction without objection of the testimony of the incompetent witness Chapman, regarding the transactions with his deceased father, under the rule cited by appellant, that the purpose of the statute was to place all interested parties on the same plane, and to permit interested witnesses on the one side to be met by interested witnesses on the other side. Appellant should have excluded or limited the testimony by timely objection to it. Clearly the statute does not authorize the exception that because appellee introduced without objection improper testimony of transactions with decedent, appellant was also entitled to meet such improper testimony by other improper testimony in his behalf. The mere statement of the rule reveals its fallacy. If a party to a suit may be held to waive this statute prohibiting testimony of transactions with decedents unless called for by the opposite party, by merely introducing without objection ·evidence of such transactions, thereby entitling the opposite party to rebut the improper testimony with other improper testimony concerning the same transactions, then the party not objecting in the first instance may render the statute nugatory at his option. No such exception is authorized by the statute, but it only authorizes testimony of transactions with decedents when called for by the opposite party. Edelstein v. Brown, 100 Tex. 403, 100 S. W. 129, 123 Am. St. Rep. 816. Appellant cites the case of Royall v. Holloway, 118 Tex. 1, 299 S. W. 862, but admits that it is not in point, except that certain language not necessary to the decision might lead to the conclusion contended for. We do not so construe the decision.

The judgment of the trial court will be affirmed.

Affirmed.