**NAGEL et al. v. KIIBLER et al.**

No. 12003.

Court of Civil Appeals of Texas. Galveston.

June 24, 1948.

Rehearing Denied July 22, 1948.

P. Harvey, of Houston, for appellants.

Knipp, Poston & Broady, of Houston, for appellees.

MONTEITH, Chief Justice.

This appeal in a trespass to try title action was brought by appellants, Mrs. Norma Nagel, joined pro forma by her husband, G. H. Nagel, to recover from appellees, John S. Kiibler, L. K. Busch, and William F. Beck, sometimes called Frederick William Beck, the title to and possession of approximately 80 acres of land, described as being Lot No. 3 of the W. B. Root subdivision of the William M. Jones Survey in Harris County, Texas. Appellees answered by a plea of "not guilty" and by special pleas of the 3, 5, 10 and 25 year statutes of limitations.

One special issue was submitted to the jury, that of adverse possession under the 10 year statute of limitation, which was answered in favor of appellees.

Judgment was rendered in favor of appellees for the title and possession to the land sued for.

1010

Appellants contend that judgment should have been rendered in their favor for the reason that the testimony is undisputed that the possession of William F. Beck, under whom appellees claim title to the land in controversy, was not adverse to Wm. F. Neese, in whom the record title to the land stood, for the reason that he testified that he went into possession of the land with Neese's permission, and that he would have surrendered it any time Neese called for it. Appellants further complain of the action of the trial court, in admitting, over their objections, the testimony of the witness J. F. Beck that on several occasions appellee William F. Beck, while at his home on a tract of land adjoining the land in controversy, had declared in their presence that he was claiming all the land involved in this suit. Appellants contend that the testimony of said witnesses disclosed that Beck was not actually on the land in controversy at the time of such declaration, and that for this reason the declaration was hearsay, self-serving and not part of the res gestae.

It was stipulated by the parties that William F. Neese was the common source of title. Appellees rely for recovery on the title acquired by appellee, William F. Beck by adverse possession under the ten-year statute of limitation.

Appellee, William F. Beck, bought a 40 acre tract of land south of and adjoining the 80 acre Lot No. 3 in controversy in 1900 and has lived on it continuously since that time. In 1924 he entered upon and fenced said Lot No. 3 and has maintained the fences and used the land continuously since that time for the harvesting of hay and pasturing cattle, with the exception of a short period of time when the fence was taken down for the purpose of widening a road adjoining the land. At the time appellee Beck purchased his homesite William F. Neese was the record owner of Lots Nos. 3 and 4 of the Root Subdivision of the Jones Survey. In 1901 Neese left Texas and remained away for a period of about 19 years. On his return to Texas he made his home with appellee Beck for several months. Beck testified that Neese had told him that he had sold said Lot No. 3 in small tracts but that he had not given deeds to the land.

In an oral deposition of appellee Beck, taken in 1944, he was asked whether William F. Neese had given him permissive right to enter upon the land in controversy. He answered that Neese had said: "Why don't you go ahead and fence it and use it." In a deposition taken in 1947 Beck denied that Neese had given him a license and permission to enter and use the land.

In Wm. F. Beck's oral deposition, taken in 1944, he was asked "Now, if Mr. Neese had come back and told you that he wanted his land back, why you would have surrendered it to him?" to which he answered "I think I would." He was asked in said deposition "You didn't at any time intend to steal Mr. Neese's land from him, did you?" to which he answered "No, sir." He was also asked "So that what you mean by 'squatter's right' is that you would hold it until the owner comes back to claim it?" to which he answered "If Mr. Neese sends word back that he owns the land, why I am willing to give it up."

Appellants' contention that the evidence shows that appellee Beck's possession was in recognition of the title of William F. Neese, and that, since such possession was not adverse to the record owner, the court erred in refusing to grant appellant's motion for an instructed verdict or judgment non obstante veredicto cannot be sustained.

A similar contention was made in the case of Stewart et al. v. Luhning et al., 134 Tex. 23, 131 S.W.2d 824. In that case Luhning stated that if he had found the true owner of the property in controversy he would have either leased or bought the property from him, and that he had remained in that frame of mind for nearly 24 years and until the law suit in which the question arose was filed. The court in the Luhning case held that while Luhning's statement was subject to the interpretation that his possession was in subordination to the title of the record owner, such was not the only interpretation to which his testimony was subject, and that the evidence was sufficient to take the case to the jury on the issue of limitation under the 10 year statute of limitation.

In the instant case the statement by William F. Beck that he would have surrendered the land to William F. Neese if he had asserted claim to it, was subject to the interpretation that, while he claimed the land under the ten-year statute of limitation, he would have voluntarily surrendered possession of the property to Neese, if he had established the fact that he had title to the property. The jury found that appellee Beck had had peaceable and adverse possession of the land under a claim of right for a continuous period of ten years before the filing of this suit.

█ Further, it is the established rule in this state that it is not necessary that a party have or claim the record title to land in order to establish a title thereto by adverse possession under the 10 year statute of limitations. Title by adverse possession under said statute may be established by entering upon said land for that express purpose, although at the time the claimant knew that he had no title thereto. O'Meara v. Williams et al., Tex.Civ.App., 137 S.W.2d 66, and authorities there cited.

Appellants contend that the trial court erred in admitting in evidence over their objections testimony of the witness J. F. Beck that appellee William F. Beck had made a declaration that he claimed to own the land for the alleged reason that the witness's testimony showed that said defendant was not on the land in question at the time of making such declaration and that same was hearsay, self-serving and not a part of the res gestae.

█ It is the settled law in this state that declarations of a person made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession and to show the extent of his interest and the character of his holding. 17 Tex.Jur., P. 597, Sec. 249; Smith v. Burroughs, Tex.Civ.App., 34 S.W. 2d 364.

█ A witness for appellees, J. F. Beck, son of appellee William F. Beck, testified on direct examination that on several occasions he heard his father say that he claimed the land involved in this suit. He stated that the declaration was made by Wm. F. Beck at his residence on a tract of land adjoining and separated by a fence from the land in controversy.

Appellants' contention cannot, we think, be sustained. It is the established rule that the declarations of a person made while in possession of property are admissible to explain the nature and character of his possession. At the time William F. Beck made the statement to his son that he owned said property, he was in possession of the property, and had used it for a period of years.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.

On Motion for Rehearing.

In their motion for rehearing, appellants call our attention to the fact that we were in error in stating in our original opinion that in an oral deposition of appellee William Beck, taken in 1944, he had stated that Wm. F. Neese had told him to go ahead and fence and use said land. Appellants call our attention to the fact that Beck stated in said deposition that when Neese left the place he told him, Beck, that if he wanted to use the place to go ahead and fence it, and that he fenced it four years later and used it for pasturage.

This court is glad to make the above corrections.

The other findings of fact requested by appellants are in our opinion evidentiary in their nature, and are not confined to the ultimate issues in the case.

The above corrections in no way affect the final determination of this cause as embodied in our former opinion.

Motion for rehearing is refused.